JOSEPH J. HAVLICEK v. STATE OF NEBRASKA.

FILED NOVEMBER 17, 1917.   No. 20113.

1. **Criminal Law:** PRELIMINARY HEARING: SPECIAL APPEARANCE. Failure to give an accused person a preliminary hearing on the crime charged in an information cannot be raised by a special appearance objecting to the jurisdiction of the court.

2. ———: ABANDONMENT OF WIFE: EVIDENCE. In a prosecution for wife abandonment under section 8614, Rev. St. 1913, it is competent to prove that, subsequent to the date of abandonment alleged in the information, defendant went to another state and there procured a decree of divorce from the wife he is charged with having abandoned.

3. **Appeal:** ADMISSION OF EVIDENCE: OBJECTIONS. It is the duty of counsel to make his objections so specific that the court may understand the point intended to be raised, and, unless prejudicially

erroneous on the point presented, the admission of the evidence
to which objection is offered will not be held prejudicially erro-
neous for some reason which counsel did not suggest at the trial.

4. **Criminal Law: ABANDONMENT OF WIFE: PROOF.** To sustain a con-
viction under section 8614, Rev. St. 1913, "the state must prove
that the accused is possessed of money, property or other means
available for the support of his wife, or, if he is without such
means, that he has at least some earning capacity, and his refusal,
without good cause, to maintain or provide for her." *Goddard v.
State*, 73 Neb. 739. But, where it is shown that prior to his de-
parture from home he had steady employment at remunerative
wages, the state is not required to offer other proof that he had
means, or that he drew a salary after his departure.

5. ————: ————: **DEFENSE.** In such case, his lack of means, or
failure to secure employment, is matter for his defense.

ERROR to the district court for Douglas county: WILLIS
G. SEARS, JUDGE. *Affirmed.*

*Joseph T. Votava,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *John L. Cutright,
contra.*

MORRISSEY, C. J.

Defendant prosecutes error from a judgment of the dis-
trict court for Douglas county, wherein he was sentenced
to a term of one year in the penitentiary for wife abandon-
ment.

A complaint was filed before the county judge September
28, 1915. Hearing was continued with the consent of de-
fendant, until November 17, 1915. Thereafter it was con-
tinued from time to time without his consent until June,
1916, when a hearing was had, and defendant held for trial
in the district court. Upon being arraigned in the district
court he filed a special appearance objecting to the juris-
diction of the court. The special appearance was over-
ruled, and a plea of not guilty entered. The point is made
that the examining magistrate had lost jurisdiction, and
that no preliminary hearing had been accorded defendant.
But we are not called upon to determine the question. It
was not properly presented by the special appearance. In

*White v. State,* 28 Neb. 341, it was held that a district court had no jurisdiction to try an accused person until a preliminary examination had been held according to law. But this holding is expressly overruled in *Coffield v. State,* 44 Neb. 417. The court had jurisdiction. The special appearance was properly overruled. No motion to quash or plea in abatement was filed, and all defects were waived by pleading to the general issue.

It is next urged that the trial court erred in the admission of evidence. Defendant took his departure from Omaha, where he and his wife resided, July 30, 1913, and the information alleged the abandonment as of that date. On the trial letters written by defendant to his wife after his departure were introduced in evidence. After she had testified to the receipt of the letters, she was asked if he had obtained a divorce from her. Objection was made to that testimony as incompetent, immaterial and irrelevant. The objection was overruled, and she answered in the affirmative. She was next asked as to the date when she received this information, and, over the same objection, was permitted to answer. The inquiry being further pressed, the trial court interrupted and remarked that the state could not prove a divorce by hearsay testimony. From the form of the objections and the argument contained in the brief it is clear that counsel did not object to the questions the witness was permitted to answer because they called for hearsay testimony or because her statement was not the best evidence, but objected on the theory that proof of what defendant did after the date fixed in the information was incompetent. In overruling the objection the trial court was, as he supposed, holding that proof of divorce was competent, and in this he was clearly right.

It is the duty of counsel to make his objections so specific that the court may understand the point intended to be raised, and, unless prejudicially erroneous on the point presented, the admission of the evidence to which objection is offered will not be held prejudicially erroneous for some reason which counsel did not suggest at the trial.

"Unless the objection to offered evidence be sufficiently specific to enlighten the trial court and enable it to pass upon the sufficiency of such objection and to observe the alleged harmful bearing of the evidence from the standpoint of the objector, no question can be presented therefrom in the court of appeal." 5 Jones, Commentaries on Law of Evidence, sec. 893.

It is said in defendant's brief "the only question is: Was the testimony prejudicial?" Without undertaking to review the testimony at length or set out defendant's letters, which are copied in the bill of exceptions, we will say that his general course of conduct was such that but one conclusion could be reached, and that was the conclusion reached by the jury. The reference to the divorce could add little or nothing to the proof furnished in his own handwriting.

It is argued that, in order to sustain a conviction, the state must prove that the accused is possessed of means available for the support of his wife, or, if he has no such means, he has at least some earning capacity, and is refusing, without good cause, to maintain or provide for her. This is the rule laid down in *Goddard v. State,* 73 Neb. 739, and we adhere thereto; but the record does show affirmatively that prior to his abandonment of his wife he was earning $185 a month; that he went away and left her with only $25 and some household furniture, the value of which is not shown, and that he absented himself for more than two years without contributing anything to her support. He did not testify in his own behalf, and no justification or excuse for his conduct is given. It is argued, however, that from his letters, which were offered by the state, it may be inferred that he was without employment, but no attempt is made to show that he might not have returned to his wife and continued at his usual employment. A husband may not leave his wife dependent upon her own efforts for support while he takes a two-year jaunt about the country, and then justify his failure to contribute to her support by saying that he has been without employment. Where it appears that prior to his going he had

101 Neb.—50.

steady employment, and no satisfactory reason is given for his quitting his work and going away, the state is not required to offer proof that he had means, or that he was drawing a salary after his departure. His lack of means, or failure to secure employment, is matter for his defense.

The court imposed the maximum sentence of one year's confinement in the penitentiary, and we are asked, in case of affirmance of the judgment, to exercise the power granted under section 9179, Rev. St. 1913, and reduce the sentence. The power to reduce the penalty is given to this court when, in its opinion, the sentence imposed is excessive. Further than a mere statement that the penalty imposed is the maximum, that the defendant and his wife were without children, and that she was able to support herself, no reason is assigned for making a reduction of the sentence. No palliating circumstances are shown, or atonement promised, and he will not be heard to complain that the maximum penalty has been imposed.

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.