CHARLES T. ALTIS V. STATE OF NEBRASKA.

FILED FEBRUARY 27, 1923. No. 22867.

1. Criminal Law: AMENDMENT OF COMPLAINT: PRELIMINARY HEARING.
Where a defendant had a preliminary hearing on a valid complaint,
and thereafter a faulty information is filed, and later, by leave of
court, an amended information is filed which conforms to the
original complaint, the defendant is not entitled to a new pre-
liminary hearing.

2. Evidence examined, and *held* sufficient to support the verdict.

ERROR to the district court for Lancaster county:
ELLIOTT J. CLEMENTS, JUDGE. *Affirmed.*

*R. J. Greene* and *W. W. Towle,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort,
contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and
GOOD, JJ., RAPER, District Judge.

RAPER, District Judge.

Error proceeding from second conviction of defendant
in error for wife and child abandonment. The first
conviction was reversed by this court in *Altis v. State,*
107 Neb. 540, because of a faulty instruction, and a
failure to properly allege the crime. When the case
was remanded the county attorney was permitted to
file an amended information which contained the omitted
essential allegation which was lacking in the former
information. A plea in abatement was filed to this
amended information, alleging that defendant had not
been given a preliminary hearing. Issue was joined on
this plea, jury impaneled and trial had thereon. The
undisputed evidence showed that before the first informa-
tion was filed a complaint was filed with a justice of the
peace, and a full preliminary hearing had, and the justice
in due form found the crime had been committed, and
held the defendant to answer to the district court. At
the close of the hearing the court directed the jury to
return a verdict for the state. The original complaint

before the justice complied in every respect with the conditions required by the opinion of the supreme court in the case of *Altis v. State, supra.* The defect in the first information was evidently caused by an oversight in preparing the information, and the words "without good cause" were inadvertently omitted. The complaint filed with the justice contained these words. The defendant, having been granted a valid preliminary hearing, is not entitled to another on the filing of an amended information which states the same offense as that contained in the original complaint. The action of the district court in directing a verdict against the defendant on the plea in abatement was right.

Plaintiff in error urges that the evidence is not sufficient to sustain the verdict of guilty. A careful reading of the testimony shows that the verdict was fully justified. The defendant, without good cause, wilfully abandoned the wife and three minor children, and wilfully and without good cause wantonly failed and refused to provide for them. The abandonment took place in Lancaster county. The defendant thereafter left the county, and had to be brought from another state on an extradition warrant, but this can in no wise excuse him. But he alleges that the state did not prove he had no property, or that he was earning sufficient wages to provide for the family. It was fully shown that at the time of the abandonment the defendant was a strong, healthy young man and was and had been earning good wages. Of course, it would be impossible for the prosecution to trace him from one locality or state to another, and prove his employment at these different places or the wages he received. The jury had the right to presume, in the absence of proof to the contrary, that his earning capacity remained unimpaired. It was sufficient for the state to show that prior to his departure he had steady employment at remunerative wages, and it is not required to offer further proof that he had means or that he earned

wages after he left. The defendant did not testify in his own behalf, nor did he offer any testimony. The state's proof was ample under the rule announced in *Havlicek v. State,* 101 Neb. 782. The abandonment and failure to provide for the family was wanton and heartless, and without any justification, and his conduct as shown by the evidence fully merits the sentence imposed by the court.

Error is assigned for the court's failure to give eight instructions asked by defendant. All of these, with the exception of two, were fairly included in the instructions given by the court. One of these referred to the presumption of good character. In certain cases the giving of such an instruction would be proper, but the record of this case clearly shows that such instruction was not in any way required. The other proposed instruction was to the effect that if the jury believed any witness had wilfully sworn falsely to material statements, they might wholly disregard the testimony of such witness. There is nothing appearing in the testimony of any witness which would have justified the giving of such instruction.

The defendant had a fair trial, and the judgment of the district court is

AFFIRMED.