HERBERT E. RUHL V. STATE OF NEBRASKA.

FILED DECEMBER 21, 1934.   No. 29202.

*J. L. Richards* and *Edward C. Fisher,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Daniel Stubbs, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and ELDRED, District Judge.

EBERLY, J.

Error proceeding from the conviction of the plaintiff in error upon an information charging a violation of section 28-462, Comp. St. 1929.   This section provides, in part: "Whenever any husband, against whom a decree for divorce and alimony for the support of his children shall have been rendered by any court in this state, shall, without good cause, refuse or neglect to pay * * * the amounts and manner provided by such decree, for the support of such child or children he shall on conviction, be punished by imprisonment in the penitentiary for not more than one year."

The correctness of the proceedings below is challenged, first, because the state has not proved beyond a reasonable doubt that the failure to make the payments was without good cause.

It is not denied that a decree of divorce was entered upon the answer and cross-petition of Blanche M. Ruhl, wife of plaintiff in error, on November 15, 1932, adjudging that she was entitled to an absolute divorce from plaintiff in error "upon the ground of extreme cruelty and nonsupport."   Such divorce decree further directed that plaintiff in error pay, for the support of his two

minor children, the sum of $35 forthwith, and $35 on the first day of each month thereafter. None of these instalments thus ordered was ever paid.

It further appears uncontradicted that plaintiff in error is, and was, a healthy, able-bodied man, who was a plumber and enjoyed the reputation of being a good workman in Hebron, Nebraska, where he was residing for some time immediately prior to the entry of the divorce decree. It also appears that some plumbing work was to be had in Hebron practically continuously since he left that town. However, he left Hebron in July or August, 1932, and he admits that at the time of his departure he was able to find part time employment in his trade at this place. From Hebron he went to Oklahoma; from thence to Texas; later he returned to Madison, Nebraska; and ultimately was apprehended on the present charge at Lincoln, Nebraska.

We have carefully read the record, including plaintiff in error's recitals of his doings after leaving Hebron in the summer of 1932. It will be remembered that all the essentials of the offense charged, save one, are conceded in the record. The only element involved which is contested is whether the failure of plaintiff in error to make the payments provided by the divorce decree was "without good cause." Without unduly extending this opinion by a recital of all the evidence pro and con, it may be seen that a careful reading of the record sustains the conclusion that it contains evidence which, if believed by the trial jury, in connection with the surrounding facts, is ample to justify their verdict of guilty "beyond a reasonable doubt" in the present case. *Havlicek v. State,* 101 Neb. 782; *Altis v. State,* 109 Neb. 774.

Instruction No. 5, complained of, we find in accord with the statute defining the offense; we further find that the trial court did not commit error in permitting the cross-examination of plaintiff in error complained of; and we do not find the sentence imposed to be excessive under the facts disclosed by the record.

There being no substantial error in the proceedings of the trial court, its judgment and sentence are deemed correct, and are

AFFIRMED.