STATE OF NEBRASKA, APPELLEE, v. WILLIE NEVELLS, JR., APPELLANT.

173 N. W. 2d 395

Filed January 9, 1970. No. 37326.

William Stillmock and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The district court, on a plea of guilty to the violation of conditions of probation, revoked its previous order of probation, and on the original charge of grand larceny, sentenced the defendant to imprisonment in the Nebraska Penal and Correctional Complex for a period of 5 years. On appeal we affirm the judgment of the district court.

It appears indisputably in the record that the defendant pleaded nolo contendere to the original charge of grand larceny. At all stages of the proceedings recited herein the defendant was represented by counsel. Prior to pleading nolo contendere to the original charge of grand larceny, he was advised of the consequences of such a plea. At that time he was also advised of the various pleas he could make and what would be the effect of each. The defendant with counsel entered his plea of nolo contendere and the district court found him guilty of the charge of grand larceny based thereon and deferred sentencing. This occurred on May 17, 1967. On June 29, 1967, the district court entered an order, without pronouncing sentence, suspending further proceedings, and placing defendant on probation for 2 years. At this time the record reveals that he was given repeated warnings and admonitions by the trial court and was told that if he did not live up to the conditions of probation, he would be brought back to court. The court advised him, "* * * and at that time (the court) can enter any sentence for this offense which he could on this date, regardless how long you have been on probation, and you may not get any credit for efforts made at all. I told you before that the penalty for the offense you are charged with, and pled guilty to, is from one to seven years in the Nebraska Penal and Correctional Complex." On March 21, 1969, an information was filed charging the defendant with probation violation in that he violated the laws of the State of Nebraska on November 4, 1968. This is a specific charge of a violation of para-

graph No. 7 of the written order of probation. Subsequently, on March 28, 1969, prior to taking the defendant's plea on the charge of violation of probation, the district court refreshed the defendant's memory relative to the effect of the consequences of a violation of probation which had previously been given him. The defendant then entered a plea of guilty to violating the terms of his probation. The record reveals that he reaffirmed his guilt after admonitions by the court. The record also reveals that he talked the matter over with his attorney and thereafter again entered his voluntary plea of guilty to violation of the conditions of probation. The court thereupon sentenced him to a term of 5 years in the Nebraska Penal and Correctional Complex.

It is somewhat difficult to understand the defendant's contention. The gist of his argument seems to be that he was denied a hearing on the charge of violation of probation and that therefore it should be set aside. To support this contention he cites only cases which involve a plea of not guilty to the charge of violation of probation. That he would be entitled to a hearing in this situation we are in full agreement, but that is not the issue involved in this case. The record reveals that he was represented by counsel at every stage of the proceedings and that the district court, in an exhaustive and repetitive manner, did everything it could to advise him of all of his rights, the nature of the charge, and the consequences that could follow a plea of guilty or nolo contendere and a violation of the terms of his probation. The defendant seems to contend that the information did not contain enough details or a specific charge against him. The defendant is confusing the requirements of the original information, to which he pleaded guilty, with the requirements of his order of probation and the complaint of that order. His complaint for violation of probation contained a specific charge of a violation of paragraph No. 7 of that order which required him to be law abiding and not to violate any

laws of the State of Nebraska. The issue before the court was whether he violated his probation and not whether he had committed the original offense of grand larceny.

Bearing on the question here is the case of Young v. State, 155 Neb. 261, 51 N. W. 2d 326, where this court had before it a case of violation of probation. The defendant, Young, stood mute and a plea denying the charge was entered for him. The court held a hearing and he was found guilty of violation of his probation. This court said as follows: "Accordingly we hold that where the violation of a probation order is established *or admitted,* in determining whether or not to set aside the probationary order and to impose the penalty which it might have imposed before placing the defendant on probation, the trial court is not limited to a consideration of probative evidence of matters arising subsequent to the order of probation." (Emphasis supplied.) A case almost directly in point is the case of People ex rel. Ambrose v. Combs, 33 Misc. 2d 360, 224 N. Y. S. 2d 874. In that case on being arraigned for violating his probation, the accused pleaded guilty. He was then sentenced. Afterwards on habeas corpus proceedings, he alleged that the information charging him with a probation violation was insufficient and that he was therefore denied a hearing or right to be heard. The court dismissed the writ substantially on the grounds and rationale that we have discussed herein.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.