STATE OF NEBRASKA, APPELLEE, v. EDWARD R. MOSLEY, ALSO KNOWN AS RAY WILSON, APPELLANT.

235 N. W. 2d 402

Filed November 20, 1975. No. 40020.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from an order revoking probation and imposing a sentence of imprisonment upon Edward R. Mosley, the appellant.

The contention is made by the State that the appeal should be dismissed because the appellant failed to file a motion for new trial, and that this court does not have jurisdiction to consider the appeal. From the record, it appears that the trial court accepted a plea of guilty to a charge of receiving stolen property and on October 15, 1974, placed appellant on probation for the period of 2 years. Later, a motion was filed for the revocation of probation for the reason that appellant had violated the terms of the probation by performing an illegal act on the 31st of October 1974, at the Kwik Shop at 6505 Maple, Omaha, Nebraska. Notice was given of a preliminary hearing. Appellant waived this hearing and a final evidentiary hearing was held on December 19, 1974. The trial court found that a violation had been shown by clear and convincing evidence and entered an order revoking probation and sentencing appellant to imprisonment on January 2, 1975. No motion for a new trial was filed and this appeal was taken immediately.

A motion for new trial must be filed within 10 days after conviction. § 29-2103, R. R. S. 1943. A determination of guilt of the crime charged and the imposition of a sentence constitute a conviction. State ex rel. Hunter v. Jurgensen, 135 Neb. 136, 280 N. W. 886 (1938).

Since the enactment of Laws 1971, L. B. 680, section 15 (4), now section 29-2260 (4), R. S. Supp., 1974, an order granting probation is a sentence. A motion for new trial made within 10 days and a ruling thereon would have been required before appellant could have taken an appeal from the order of October 15, 1974.

The motion for revocation was heard under the provisions of section 29-2267, R. S. Supp., 1974. The order entered was not an order of conviction and section 29-2101, R. R. S. 1943, is not applicable to it. This court does have jurisdiction to consider the appeal.

At the revocation hearing, evidence on behalf of the State consisted of the testimony of the investigating officer who related the statements of the clerk of the shop alleged to have been robbed, including his description of the robbers and a suggestion that one of the robbers might have left a fingerprint on a freezer door. He stated further that a technician had lifted a fingerprint from that door. The investigating officer did not testify to personal observation of any fact or circumstance tending to identify the appellant as a participant in the offense. Another witness identified the fingerprint lifted with known fingerprints of the appellant. No other evidence was given to show violation of any other conditions of the probation granted October 15, 1974.

The appellant denied his participation in the robbery and claimed that he might have left a fingerprint on the freezer door at a time previous to the robbery. At the conclusion of the hearing, the trial court found that a violation of the conditions of probation had been established by clear and convincing evidence and that the probation should be revoked.

The appellant assigns two errors: (1) The admission of hearsay evidence and its use as the sole basis for an adverse finding, and (2) the failure of the court to state in writing the evidence relied upon and its reasons for revocation.

The United States Supreme Court in Morrissey v. Brewer, 408 U. S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), declared the minimum requirements of due process in procedure for the revocation of parole, as follows: "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body, such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." Later these requirements were made applicable to proceedings to revoke probation. Gagnon v. Scarpelli, 411 U. S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). This court recognized and applied these requirements to proceedings for the revocation of probation in State v. Kartman, 192 Neb. 803, 224 N. W. 2d 753 (1975). In this case, the assignments of error are based upon objections made to hearsay evidence and claiming the right of confrontation and cross-examination stated in requirement (d), *supra*, and the right to a written statement of the reasons for revocation and the evidence relied on stated in requirement (f), *supra.*

The record shows that upon the filing of the motion to revoke probation, notice was given of a preliminary hearing, including the following statement: "You may appear and speak on your own behalf, bring document, affidavits, or individuals on your behalf, and may request that adverse witnesses be made available for questioning at the discretion of the hearing officer. Such request must be made in advance." The appellant waived the preliminary hearing and thus dispensed with all evidentiary requirements leading up to a final hearing. No further notice of the final hearing was re-

quired or given. The State contends that the failure of appellant to make an advance request waived his right of confrontation and cross-examination completely. This contention is not well taken; the waiver applied only to the preliminary hearing, if one had been held. The Morrissey requirement (d) reserves to the defendant the right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation. In State v. Kartman, *supra,* this court stated: "Persons who have given adverse information should be available for questioning unless the hearing officer determines that they would be subjected to risk of harm if their identity were disclosed." In the instant case, the identity of the informant was disclosed, but when the objection was made that the statement of the informant to the investigating officer was hearsay and that the defendant claimed the right of confrontation, the trial court stated: "Overruled. This isn't a trial for robbery. This is a hearing on revocation of probation."

There was no showing of possible risk to the informant or other good cause  why confrontation should not be allowed; the trial court made no determination whether good cause had been shown. The judgment must be reversed and the cause remanded for further hearing, with instructions that the right of confrontation be allowed unless the trial court specifically finds good cause shown for a denial.

Consideration of the second assignment of error thus becomes unnecessary.

REVERSED AND REMANDED.