STATE OF NEBRASKA, APPELLEE, V. THOMAS BAXTER, APPELLANT.
355 N.W.2d 514

Filed October 5, 1984. No. 83-732.

Dennis R. Keefe, Lancaster County Public Defender, and Scott P. Helvie, for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

Upon a plea of guilty the defendant was convicted in the district court of driving while under the influence of alcoholic liquor on June 20, 1982. Following an enhancement hearing, he was found to have committed a third offense and was sentenced to 120 days in jail, fined $300 and costs, and his license revoked for 1 year. The prosecution was under Neb. Rev. Stat. § 39-669.07(3) (Reissue 1978), prior to the 1982 amendment.

The defendant has appealed and contends that the records of his prior convictions offered at the enhancement hearing were insufficient to support a finding that the offense charged in this case was a third offense.

At the enhancement hearing the State offered records of prior convictions on April 25, 1977, April 27, 1977, and April 19, 1978. The trial court sustained objections to exhibit 1, the record of the April 25, 1977, conviction, but received exhibits 2 and 3, the records of the other two offenses. The defendant contends that these exhibits should not have been received in evidence because they fail to show compliance with the requirements set out in *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981).

Exhibit 2 is a certified copy of a record of the municipal court of the city of Lincoln, Nebraska, and includes a uniform citation and complaint charging the defendant with "operat[ing] a motor vehicle while under the influence of alcoholic liquors" on April 26, 1977. The complaint was later amended to include "second offense." The record shows the defendant was represented by the public defender.

Exhibit 3 is a certified copy of a record of the county court

for Lancaster County, Nebraska, concerning proceedings on a second DWI charge occurring on March 27, 1978. The record shows the defendant was found to be an indigent, the public defender was appointed to represent him, and the public defender appeared in court with the defendant at the time his guilty plea was accepted and the sentence imposed.

These exhibits clearly show that the defendant was represented by counsel at every critical stage of the proceedings in both cases.

In *State v. Smith*, 213 Neb. 446, 449, 329 N.W.2d 564, 566 (1983), we said:

We agree that in an enhancement proceeding, a defendant should not be able to relitigate the former conviction, and to that extent such conviction cannot be collaterally attacked. However, under the present circumstances, the burden remains with the State to prove the prior convictions. This cannot be done by proving a judgment which would have been invalid to support a sentence of imprisonment in the first instance. *Baldasar v. Illinois, supra*. Where a record is silent as to a defendant's opportunity for counsel, we may not presume that such rights were respected. *Burgett v. Texas, supra; State v. Tweedy, supra*. A defendant's objection to the introduction of a transcript of conviction which fails to show on its face that counsel was afforded or the right waived does not constitute a collateral attack on the former judgment.

The defendant argues that the *Smith* case stands for the proposition that a constitutionally invalid prior conviction cannot be used to enhance the penalty for a subsequent offense. The *Smith* case held that a transcript of conviction which fails to show on its face that counsel was afforded or the right waived cannot be used for enhancement purposes. Other objections to the validity of the judgment must be raised by direct appeal or in a separate proceeding commenced for the express purpose of setting aside the judgment alleged to be invalid.

In *State v. Ziemba*, 216 Neb. 612, 619, 346 N.W.2d 208, 214 (1984), we said:

The transcript of a judgment used to prove a prior

conviction must show that at the time of the conviction the defendant was represented by counsel or waived his right to counsel. A defendant may, as in *State v. Smith, supra*, object to the admission of the record of a prior conviction on the basis that the record does not affirmatively establish that he was represented by counsel or waived his right to counsel. A transcript of judgment which does not contain such an affirmative showing is not admissible and cannot be used to prove a prior conviction. *State v. Smith, supra.*

*State v. Ziemba, supra*, involved a direct appeal. In that case we noted that "[a] defendant who has entered a guilty plea may, on direct appeal, challenge the validity of his plea." *Id.* at 620, 346 N.W.2d at 214.

The defendant further contends that exhibit 3 was insufficient because it did not contain a copy of either the original complaint or the amended complaint. The captions to the orders which appear in the exhibit recite that the offense charged was operating a motor vehicle while under the influence of alcoholic liquors—third offense, which was reduced by amendment to second offense. While it would have been preferable to include a copy of the amended complaint in the exhibit, the record as offered was sufficient to establish a prior conviction for enhancement purposes.

The judgment of the district court is affirmed.

AFFIRMED.