STATE OF NEBRASKA, APPELLEE, V. ROBERT V. JONES, APPELLANT.
362 N.W.2d 58

Filed February 1, 1985.   No. 84-506.

Dana M. London, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from the order of the district court affirming the judgment of the municipal court sentencing the defendant, Robert V. Jones, for driving while intoxicated, third offense. The defendant's contentions all relate to the issue of whether a prior conviction of the defendant could be used for enhancement purposes.

The defendant contends that the record of his conviction in the county court on November 20, 1980, could not be used for

enhancement purposes because the record fails to show that the defendant was advised of his rights as required by our decision in *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). The record shows, and it is not disputed, that the defendant was represented by counsel, who was present at the arraignment when the defendant's plea of guilty was entered and accepted and the finding of guilt made.

This case is controlled by our recent decision in *State v. Baxter*, 218 Neb. 414, 355 N.W.2d 514 (1984). There, as here, the State offered records of prior convictions in which the defendant was represented by counsel. The defendant argued that the convictions were constitutionally infirm for failure to show a waiver of all rights prior to accepting the defendant's guilty pleas. We rejected that argument and held that a record of a prior conviction used for enhancement purposes need not show a complete waiver of constitutional rights as required by *State v. Tweedy, supra*. We said:

> The *Smith* case [213 Neb. 446, 329 N.W.2d 564 (1983)] held that a transcript of conviction which fails to show on its face that counsel was afforded or the right waived cannot be used for enhancement purposes. Other objections to the validity of the judgment must be raised by direct appeal or in a separate proceeding commenced for the express purpose of setting aside the judgment alleged to be invalid.

*State v. Baxter, supra* at 416, 355 N.W.2d at 515-16.

The record of the conviction in the county court on November 20, 1980, was sufficient for enhancement purposes. The judgment of the district court is affirmed.

AFFIRMED.