STATE OF NEBRASKA, APPELLEE, V. LAUREL LEA OZMUN,
APPELLANT.

378 N.W.2d 170

Filed December 13, 1985. No. 85-223.

Gary L. Hogg, Buffalo County Public Defender, and, on brief, Larry E. Butler, for appellant.

Robert M. Spire, Attorney General, and Calvin D. Hansen, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

In this criminal case defendant, Laurel Lea Ozmun, appeals the March 5, 1985, revocation of her 3 years' probation, claiming two errors: (1) The court received and considered hearsay testimony; and (2) The proof fell short of being clear and convincing as required by Neb. Rev. Stat. § 29-2267 (Reissue 1979).

Defendant, age 25 years, is married and the mother of three children, who are now supervised by foster care. She is an admitted alcoholic with a history of issuing bad checks since March of 1980. The present offense charged her with issuing a no-account check for $20 in violation of Neb. Rev. Stat. § 28-611 (Reissue 1979), a second offense and Class IV felony,

in that on April 3, 1981, she was convicted of issuing a no-account check—all done in Buffalo County, Nebraska. On the second offense defendant entered a plea of guilty on September 1, 1983. On January 25, 1984, she was sentenced to 3 years' probation, which, on October 24, 1984, was extended for 3 more years. On December 17, 1984, a motion to revoke probation was filed. After notice and a hearing had on March 5, 1985, with defendant present, the last probation order was revoked and defendant was sentenced to $2\frac{1}{2}$ years' imprisonment in the Nebraska Center for Women.

Before addressing the two assigned errors, we note the suggestion of plain error in the record, brought to our attention by counsel for the State during oral argument, that there is no showing in the record that defendant either had assistance of counsel or waived such at the time of her conviction of the alleged first offense, as required by *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), *State v. Baxter*, 218 Neb. 414, 355 N.W.2d 514 (1984), *State v. Jones*, 219 Neb. 184, 362 N.W.2d 58 (1985), and *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980). From a review of the record before us, there is neither a transcript of the first offense conviction or a record of an enhancement proceeding nor the trial court's findings thereon. As directed in *Smith*, the defendant's sentence of imprisonment was invalid and it is set aside.

One condition of probation required defendant to "Participate in and successfully complete in-patient treatment with follow-up residence at a half-way house as recommended." Defendant was voluntarily admitted on November 29, 1984, to St. Gabriel's Treatment Center in Omaha, Nebraska, for a 30-day inpatient treatment. She left on December 10, 1984, without completing the ordered treatment. She had failed to complete a similar halfway house living requirement under the terms of the January 25, 1984, probation order.

Concerning the claimed hearsay error, defendant objected to the testimony of her probation officer, who testified that he was advised via telephone by defendant's counselor at St. Gabriel's that defendant had violated rules, she had left voluntarily on

December 10, 1984, and no readmittance had been requested. Defendant had admitted to the witness that she left St. Gabriel's voluntarily without completing the required 30-day treatment. Neb. Rev. Stat. § 27-1101(4)(b) (Reissue 1979) provides the Nebraska Evidence Rules (Neb. Rev. Stat. §§ 27-101 et seq. (Reissue 1979 & Cum. Supp. 1984)) do not apply to proceedings for the granting or revoking of probation. From this record there was no prejudice to defendant; the questioned evidence was properly received and considered by the trial court. See, *State v. Kartman*, 192 Neb. 803, 224 N.W.2d 753 (1975); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973).

There is no merit to the claim that the proof did not meet the standard of clear and convincing evidence required by § 29-2267. The record, including the presentence report, shows that the trial court twice made an effort to provide defendant with a program of rehabilitation. Both times she voluntarily removed herself from those programs. The court should consider the whole record, including probative evidence of matters arising subsequent to her conviction. *State v. Nevells*, 185 Neb. 58, 173 N.W.2d 395 (1970). See, also, *State v. Jaworski*, 194 Neb. 645, 234 N.W.2d 221 (1975). However, a violation of one of the terms of probation is sufficient. *State v. Clark*, 197 Neb. 42, 246 N.W.2d 657 (1976).

The court's finding and the order of revocation entered March 5, 1985, were supported by clear and convincing evidence.

The order revoking probation is affirmed. This cause is remanded for further proceedings and for the trial court to make findings concerning whether the record of the alleged first offense meets the requirements of *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983).

SENTENCE VACATED AND CAUSE
REMANDED FOR RESENTENCING.