REQUESTED BY: Charles Kandt, County Attorney, Lincoln County, Nebraska.
For enhancement purposes under State v. Soe, 219 Neb. 797
N.W.2d (1985) and other case law does the record of the prior conviction have to show that the guilty plea was found to be "knowingly, voluntarily, and intelligently" made even if the record shows that the defendant was represented by counsel?
Current case law interpretation indicates that the record of a prior conviction in an enhancement hearing for driving while intoxicated under Neb.Rev.Stat. 39.669.07 (Reissue 1984), in order to be valid, would only have to show that the defendant either had counsel or knowingly waived counsel. State v. Soe, 219 Neb. 797, 366 N.W.2d 439 (1985), State v. Jones, 219 Neb. 184, 362 N.W.2d 58 (1985), State v. Baxter, 218 Neb. 414, 355 N.W.2d 514 (1984), State v. Ziemba, 216 Neb. 612, 346 N.W.2d 208 (1984), State v. Smith, 213 Neb. 446. 329 N.W.2d 564 (1983).
In Soe, the appellant argued that the record of the prior conviction was improperly used by the courts to enhance the offense of driving while intoxicated. The appellant argued that the record did not specifically show that the appellant was advised of his right to a jury trial, his right to confront witnesses against him and the privilege against self incrimination, although it showed that defendant had counsel present. The court held that for enhancement purposes the burden on the State to prove valid prior convictions is only to show that the appellant had or waived counsel at the time of such prior convictions, Soe,366 N.W.2d at 441.
In Ziemba, the court held that the transcript of a judgment used to prove a prior conviction must show that at the time of the conviction the defendant was represented by counsel or waived his right to counsel. The court further noted that there is no requirement for the State to prove a prior conviction by a transcript of the judgment if the defendant admits that he was in fact convicted as alleged in the complaint. However, in accepting such a waiver the trial court must address the defendant and ascertain that he was represented by counsel at the time of prior conviction or waived such right. Ziemba, 346 N.W.2d at 214.
In Baxter, the court held that objections to validity of prior convictions, other than failure of transcript to show on its face that counsel was afforded or right to counsel waived, must be raised by direct appeal or in a separate proceeding commenced for the express purpose of setting aside judgment alleged to be invalid, not in enhancement proceeding based on alleged conviction. Baxter,355 N.W.2d at 516. This is consistent with the court's holding in Smith, in which the court stated that in an enhancement proceeding for driving while intoxicated the defendant could not relitigate the former conviction and to that extent such conviction could not be collaterally attacked. Smith,329 N.W.2d at 566.
Therefore, an interpretation of Soe and of other current case law would indicate that the record of a prior conviction used in an enhancement hearing for driving while intoxicated under Neb.Rev.Stat. 39-669.07 (Reissue 1984), would only have to show that defendant had counsel or knowingly waived counsel. There is no burden on the State to show that the guilty plea was knowingly, voluntarily, and intelligently made.
ROBERT M. SPIRE Attorney General
Janie Castaneda Assistant Attorney General