STATE OF NEBRASKA, APPELLEE, V. DEAN A. KRAMER, APPELLANT.

436 N.W.2d 524

Filed March 3, 1989. No. 88-585.

W. Randall Paragas for appellant.

Robert M. Spire, Attorney General, Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Claiming that being placed on probation in 1985 for driving while under the influence of alcohol was not a conviction and therefore could not be used for enhancement purposes, the defendant, Dean A. Kramer, appeals his conviction for driving while under the influence of alcohol, second offense. We affirm.

On December 23, 1987, the defendant entered a plea of no contest to and was found guilty of driving while under the influence of alcohol. At an enhancement hearing on January 14, 1988, the State introduced a transcript of the 1985 proceedings in the Omaha Municipal Court wherein Kramer entered a plea of no contest to a charge of driving while under the influence of alcohol. He was placed on probation on that charge. The 1985 order of probation stated: "Having been found guilty as charged, sentence is suspended and defendant is placed on probation for a period of 180 days, under the charge and supervision of the Municipal Court Probation Office."

At the January 1988 enhancement hearing, the defendant objected to the court's using the 1985 proceedings as a conviction for enhancement purposes. Kramer claimed there was not a valid conviction in 1985 because no sentence was

imposed. The trial court, in 1988, held the 1985 no-contest plea was a valid conviction and supported sentence enhancement on the second-offense DWI charge under Neb. Rev. Stat. § 39-669.07(b) (Supp. 1987). The court then sentenced Kramer to 365 days' probation and ordered him to pay a $200 fine. As special restrictions, the court required Kramer to serve 48 hours in the Douglas County Correctional Center, to obtain an alcoholism evaluation at an accredited agency within the first 15 days of the probation term, and to attend weekly AA meetings. Additionally, Kramer's motor vehicle operator's license was impounded for the first 180 days of the probationary period.

Defendant appealed to the Douglas County District Court, claiming the county court erred in enhancing the penalty based on the 1985 Omaha Municipal Court proceedings. The district court affirmed the county court's conviction and sentence. Thereafter, the defendant appealed to this court.

Kramer argues that the 1985 municipal court proceedings did not result in a conviction upon which enhancement can be based because no sentence was imposed. He relies upon (1) the language used in the probation order ("sentence is suspended and defendant is placed on probation"), (2) a statute authorizing municipal court judges to suspend sentences, and (3) our holdings in State, ex rel. Hunter, v. Jurgensen, 135 Neb. 136, 280 N.W. 886 (1938), and State v. Mosley, 194 Neb. 740, 235 N.W.2d 402 (1975).

Neb. Rev. Stat. § 29-2219 (Reissue 1979) authorized municipal court judges to suspend a sentence and place a defendant on probation for crimes less than felonies. This statute was repealed by 1984 Neb. Laws, L.B. 13. It was still in effect at the time Kramer was placed on probation on May 2, 1985, in the Omaha Municipal Court. The repeal did not take effect until July 1, 1985.

In Jurgensen and Mosley, supra, we held that a conviction consists of a finding of guilty and an imposition of sentence. More recent cases have held a finding of guilty constitutes a conviction. See, In re Interest of Wolkow, 206 Neb. 512, 293 N.W.2d 851 (1980), and State v. Long, 205 Neb. 252, 286 N.W.2d 772 (1980), which make a distinction between a

conviction and a judgment of conviction. Those cases hold that while a finding of guilty is a conviction, the judgment is not final for appeal purposes until after sentence has been pronounced. Quoting from *West v. United States*, 346 A.2d 504 (D.C. 1975), the *Wolkow* court held at 515, 293 N.W.2d at 853: " 'To create finality in a criminal case, it is necessary that there be a judgment of conviction followed by a sentence.' " By implication, the holdings of *Jurgensen* and *Mosley, supra*, that to constitute a conviction there must be not only a finding of guilt but also a sentence, have been overruled. See, also, *State v. Schulz*, 221 Neb. 473, 378 N.W.2d 165 (1985). The distinction between conviction and judgment of conviction is also recognized in § 39-669.07(b):

> If such person (i) has had one *conviction* under this section in the ten years prior to the date of the current *conviction* . . . such person shall be guilty of a Class W misdemeanor, and the court shall, as part of the *judgment of conviction*, order such person not to drive any motor vehicle for any purpose for a period of one year from the date ordered by the court and shall order that the operator's license of such person be revoked for a like period. . . .
>
> . . . .
>
> For each *conviction* under this section, the court shall as part of the *judgment of conviction* make a finding on the record as to the number of the defendant's prior convictions under this section . . . .

(Emphasis supplied.) Under the terms of the statute, the conviction takes place prior to the imposition of sentence. Therefore, the fact that defendant's sentence to the original conviction was suspended does not invalidate the use of the original conviction for enhancement purposes.

Defendant's argument also ignores statutory and case law declaring that probation is a sentence. Neb. Rev. Stat. § 29-2246 (Reissue 1985); *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986); *State v. Vernon*, 218 Neb. 539, 356 N.W.2d 887 (1984). The earlier version of § 29-2246 (Reissue 1979) specifically applied the statutory definition of probation as a sentence to § 29-2219, the repealed statute which permitted municipal court judges to suspend sentence and place an

440

offender on probation.

For the foregoing reasons, the trial court's determination that the 1985 conviction for driving while under the influence of alcohol was a valid conviction for enhancement purposes was correct.

AFFIRMED.