STATE OF NEBRASKA, APPELLEE,
v. GREGORY V. CLARK, APPELLANT.
598 N.W. 2d 765

Filed July 13, 1999.   No. A-98-980.

Gerard A. Piccolo, Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Amber Fae Herrick for appellee.

HANNON, SIEVERS, and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Gregory V. Clark appeals from an order of the district court for Hall County, Nebraska, pursuant to which he was sentenced to two concurrent terms of 90 days in the Hall County Department of Corrections for violation of his probation. For the reasons set forth below, we reverse, and remand.

## BACKGROUND

On January 22, 1998, Clark pled no contest to two Class I misdemeanors and was adjudged guilty. Following a presentence investigation, Clark was placed on probation for 2 years. Among the conditions of that probation were requirements that Clark not violate any laws and that he answer all reasonable inquiries by probation officers relating to his personal conduct. On May 29, the State filed a motion for revocation of probation, alleging that Clark had tested positive for marijuana.

A hearing was held on August 13, 1998. Clark's probation officer, Fred Snowardt, testified that on March 25, he had conducted a urine screening test on Clark and that a specimen had been sent to the State Patrol Criminalistics Laboratory in Lincoln, Nebraska. Snowardt testified that he is not a chemist and that he could not validate the particular chemical tests made by the laboratory. Snowardt further testified that he had been aware Clark was taking legal medications and that he had not informed the laboratory of those medications. Finally, Snowardt testified that Clark had denied using any illegal drugs.

The State offered the laboratory test result as exhibit 4. Clark objected on foundational grounds. Specifically, Clark argued that there was no evidence as to the specific procedures followed, no evidence as to the specific tests done, and no opportunity to cross-examine the person who conducted the test. The exhibit was admitted over objection.

Clark subsequently testified that he had been taking prescribed and over-the-counter medications for medical conditions of sickle cell anemia, emphysema, and glaucoma.

The district court found that Clark had violated his probation, and on September 22, 1998, Clark was sentenced to two concurrent 90-day terms in the Hall County Department of Corrections. Clark perfected his appeal on September 23.

## ASSIGNMENTS OF ERROR

Clark makes two assignments of error: (1) The district court erred in admitting exhibit 4 and (2) the evidence was insufficient to sustain the motion to revoke probation.

## STANDARD OF REVIEW

While the revocation of probation is a matter entrusted to the discretion of a trial court, unless the probationer admits to a violation of a condition of probation, the State must prove the violation by clear and convincing evidence. *State v. Finnegan*, 232 Neb. 75, 439 N.W.2d 496 (1989).

The determination of whether the procedures afforded an individual comport with the constitutional requirements for procedural due process presents a question of law. *Billups v. Nebraska Dept. of Corr. Servs. Appeals Bd.*, 238 Neb. 39, 469 N.W.2d 120 (1991); *Blanchard v. City of Ralston*, 4 Neb. App. 692, 549 N.W.2d 652 (1996).

## ANALYSIS

Clark argues that for the trial court to admit exhibit 4, consisting of the results of a urine screening test, without providing him the opportunity to cross-examine the technician who conducted the test was a denial of his due process rights. We agree.

The Nebraska Evidence Rules, Neb. Rev. Stat. § 27-101 et seq. (Reissue 1995), do not apply to proceedings for the granting or revoking of probation. Section 27-1101(4)(b); *State v. Ozmun*, 221 Neb. 481, 378 N.W.2d 170 (1985). However, Neb. Rev. Stat. § 29-2267 (Reissue 1995) provides, inter alia, that during revocation proceedings, "[t]he probationer shall have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Moreover, the U.S. Supreme Court has held that the minimum requirements of due process in procedure for the revocation of probation includes the right to confront and cross-examine adverse witnesses, unless the hearing officer specifically finds good cause for not allowing confrontation. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). The Nebraska Supreme Court has applied these requirements to proceedings for the revocation of probation. See, *State v. Mosley*, 194 Neb. 740, 235 N.W.2d 402 (1975); *State v. Kartman*, 192 Neb. 803, 224 N.W.2d 753 (1975).

*Mosley* is dispositive of this appeal. There, the district court had permitted an investigating officer to testify about statements

made by the clerk of a convenience store the probationer had allegedly robbed. According to the officer, the clerk described the robbers and also stated that one of the robbers might have left a fingerprint on a freezer door. When the probationer asked to exercise his right to confront the store clerk, the district court overruled the motion, stating simply that "[t]his isn't a trial for robbery. This is a hearing on revocation of probation." 194 Neb. at 744, 235 N.W.2d at 405. The Supreme Court reversed, holding that the trial court committed reversible error in failing to make a determination as to whether good cause existed for denying the probationer's right to confrontation. *Id.*

Similarly, in the instant case, when Clark demanded the right to confront the lab technician or chemist, the trial court denied the motion without making a finding of good cause. The trial court's rationale, as explained during its discussion of whether the State had proved its case by clear and convincing evidence, was simply that "[i]n a motion to revoke probation, this Court does not think that [it] is necessary [to have the lab technician testify], so the report was received into evidence."

This was error. A probationer must be allowed to confront and cross-examine an adverse witness in revocation of probation proceedings, unless the trial court specifically finds good cause shown for denying that right. The State made no showing of good cause why confrontation should not be allowed, and the trial court made no determination as to whether good cause had been shown. The judgment must be reversed and the cause remanded for further hearing, with instructions that the right of confrontation be allowed unless the trial court specifically finds good cause shown for a denial. *State v. Mosley, supra.*

The State further argues that Clark did not preserve his objection because "he did not object . . . based on his right of confrontation during the hearing in the district court." Brief for appellee at 8. We disagree. It is clear from the transcribed proceedings that Clark advised the district court that his objection rested upon his fundamental due process right to cross-examine the person who conducted the chemical test. " '[I]t is the duty of counsel to make his [or her] objections so specific that the court may understand the point intended to be raised.' " *State v. Coleman,* 239 Neb. 800, 812, 478 N.W.2d 349, 357 (1992)

(quoting *Havlicek v. State*, 101 Neb. 782, 165 N.W. 251 (1917)). Clark's counsel met that duty.

Because we have found reversible error, consideration of Clark's second assignment of error becomes unnecessary. An appellate court is not obligated to engage in an analysis which is not necessary to adjudicate the case and controversy before it. *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

## CONCLUSION

For the reasons set forth above, the judgment of the Hall County District Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.