STATE OF NEBRASKA, APPELLEE, V. GERSON MERRILL
KARTMAN, APPELLANT.

224 N. W. 2d 753

Filed January 2, 1975. No. 39357.

Frank B. Morrison, Sr., and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,

McCOWN, NEWTON, and CLINTON, JJ., and FAHRNBRUCH, District Judge.

BOSLAUGH, J.

The defendant was charged with three counts of motor vehicle homicide. Upon pleas of nolo contendere he was sentenced to 2 months imprisonment on count I and placed on probation for 2 years on counts II and III. The probation period commenced October 2, 1972, at the expiration of the sentence on count I.

A motion to revoke the defendant's probation was filed on September 17, 1973. A preliminary hearing was held and a report finding probable cause was filed on September 28, 1973. After an evidentiary hearing in the District Court, at which the defendant was represented by counsel, the trial court found specifically the defendant had violated his probation in that he had engaged in unlawful conduct and would not refrain from unlawful conduct in the future. The defendant's probation was revoked and he was sentenced to imprisonment for 1 to 10 years on count II and 1 year on count III, the sentences to run concurrently.

The defendant has appealed and contends the revocation procedure in this case denied him due process of law and did not comply with sections 29-2266 and 29-2267, R. S. Supp., 1972, of the Nebraska Probation Administration Act.

Section 29-2266, R. S. Supp., 1972, provides for the filing of a written report by the probation officer whenever he has reasonable cause to believe a probationer has violated or is about to violate a condition of his probation. The procedure set out in this statute is cumulative and not exclusive and a written report from the probation officer is not a jurisdictional requisite for a probation revocation proceeding.

Section 29-2267, R. S. Supp., 1972, prescribes the procedure to be followed after a motion or information to revoke probation has been filed. It provides generally

that the probationer is entitled to a copy of the information or written notice of the grounds on which the information is based. After proper notice there is to be a hearing at which the probationer has the right to be represented by counsel, to hear and controvert the evidence against him, and to offer evidence in his defense. The statute further provides the probationer is entitled to a prompt consideration of the charge by the sentencing court, and the probation shall not be revoked or the requirements imposed on the probationer increased unless the violation of probation is established by clear and convincing evidence.

The motion to revoke probation in this case was filed in the District Court for Douglas County, Nebraska, which was the sentencing court. The statute does not require the motion be heard by the sentencing judge. A hearing before a judge of the sentencing court complies with the statute.

The defendant further contends the procedure in this case failed to comply with the requirements set out in Morrissey v. Brewer, 408 U. S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484, and Gagnon v. Scarpelli, 411 U. S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656. In the Morrissey case the Supreme Court of the United States established procedural requirements for revocation of parole. In the Gagnon case these requirements were made applicable to revocation of probation.

These cases hold that due process of law requires both a preliminary hearing and a final revocation hearing before a probation may be revoked. The preliminary hearing is informal and summary in nature and should be held reasonably near the place of "the alleged parole violation or arrest" and as promptly as convenient after the arrest. The probationer must have notice concerning the alleged violations. The hearing must be before an impartial and independent officer but not necessarily a judicial officer. The probationer is entitled to appear at the hearing and speak in his own behalf and

bring documents or witnesses who can give relevant information to the hearing officer. Persons who have given adverse information should be available for questioning unless the hearing officer determines they would be subjected to risk of harm if their identity were disclosed. At the conclusion of the hearing the officer should make a written summary of what took place at the hearing and determine whether there is probable cause to hold the probationer for a final revocation hearing.

In this case an information had been filed on July 9, 1973, alleging the defendant had violated his probation by defrauding an innkeeper and being drunk and disorderly. The defendant was arrested at that time and released on bond. At the hearing in the District Court on September 17, 1973, the State was granted leave to withdraw the information filed in July and file the motion to revoke probation. The defendant and his counsel were present at that hearing and requested a preliminary hearing on the motion.

The trial court designated the clerk of the District Court as the hearing officer and set the preliminary hearing for September 21, 1973. The defendant's bond was continued.

The preliminary hearing commenced September 21, 1973, and was continued until September 28, 1973. The report finding probable cause was filed September 28, 1973. From our examination of the record we find no prejudice to the defendant in any of the proceedings relating to the preliminary hearing.

The principal ground alleged in the motion to revoke probation related to the defendant's arrest in Tulsa, Oklahoma, on March 24, 1973, for driving a motor vehicle while intoxicated. The arresting officers from Oklahoma were present at the revocation hearing in the District Court on October 18, 1973, and testified in detail concerning the arrest. The defendant was found alone in the driver's seat of an automobile that had left

the road and struck a gas meter and a fire hydrant. The defendant was obviously intoxicated and was arrested at the scene of the accident. The evidence was clearly sufficient to support the finding the defendant had engaged in unlawful conduct and his probation should be revoked even though the charge in Oklahoma was pending at the time of the revocation hearing in District Court. Where a criminal prosecution has been started based upon the probationer's conduct, the probation court need not wait conclusion of those proceedings in order to revoke probation. If the court is satisfied that the law has been violated a conviction is not a prerequisite. United States v. Markovich, 348 F. 2d 238.

The judgment of the District Court is affirmed.

AFFIRMED.