511 N.W.2d 205 (1994)
2 Neb. App. 463
STATE of Nebraska, Appellee,
v.
Kevin J. SIEVERS, Appellant.
Nos. A-92-1184, A-92-1185.
Court of Appeals of Nebraska.
January 11, 1994.
*206 Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen, Omaha, for appellant.
Don Stenberg, Atty. Gen. and Donald A. Kohtz, Lincoln, for appellee.
CONNOLLY, HANNON, and WRIGHT, JJ.
CONNOLLY, Judge.
This appeal arises from the convictions of the appellant, Kevin J. Sievers, for burglary and for violation of probation. The appeal of the burglary conviction, case No. A-92-1185, and the appeal of the violation of probation conviction, case No. A-92-1184, were consolidated for review by this court, and both appeals are addressed in this opinion. Sievers argues that the trial court erred in refusing to suppress the evidence that led to his conviction for burglary and in allowing the State to use the burglary conviction, which was not yet final, as evidence in a subsequent proceeding to prove that Sievers violated probation. We affirm.

I. FACTS
Pursuant to a plea bargain, Sievers pleaded guilty on January 3, 1991, to charges of burglary and possession of a controlled substance. On March 14, Sievers was sentenced to a prison term of 13 months on the conviction for possession of a controlled substance. He was given 184 days' credit for time served. On the conviction for burglary, he was sentenced to 2 years' probation. As a condition of receiving probation instead of additional prison time, Sievers agreed in writing to "submit my person, place of residence, business and vehicle to search and seizure at any time of the day or night by any law enforcement officer or my probation officer with or without a search warrant. A refusal will constitute a material violation of this order."
On March 19, 1992, pursuant to the condition in Sievers' probation order, police searched Sievers' residence, without a warrant, in connection with the investigation of a series of burglaries in which Sievers was a suspect. In the course of the search, police found a Russian coin stolen in one of the burglaries under investigation. On March 23, Sievers again was charged with burglary. In a bench trial in September on five counts of burglary, Sievers was convicted of one count and was acquitted of the others. He was sentenced to a prison term of 6 to 10 years.
On March 23, 1992, the State also charged Sievers with violation of the probation order from his previous burglary conviction of January 1991. At trial on October 9, 1992, the State's case consisted of the offer of two exhibits. Exhibit 1 contained certified copies of the judgment and sentence and the order of probation from the proceedings of March 14, 1991. Exhibit 2 contained a certified copy of the information dated March 23, 1992, charging Sievers with five counts of burglary, and a certified copy of the trial court's docket entry of September 30, 1992, showing that Sievers had been found guilty of one count of burglary. The State rested after introducing exhibit 2. Sievers moved for dismissal because the September 30 burglary conviction used as evidence to prove the alleged probation violation had not yet become final. The September 30 burglary conviction was not final at the time of the October 9 trial because Sievers was not sentenced for the burglary conviction until November 19. He appealed the conviction and sentence on December 18.
The motion to dismiss was overruled. Sievers adduced no evidence and renewed his motion to dismiss. Sievers was found guilty of violating probation. He was sentenced to a prison term of 6 to 10 years, to be served consecutively to the sentence for the September 30 burglary conviction.

II. ASSIGNMENTS OF ERROR
Sievers argues that the trial court erred (1) in refusing to suppress evidence seized during the warrantless search of Sievers' residence, (2) in allowing the State to use, as a *207 means of proving violation of probation, a conviction that was not yet final, and (3) in sentencing Sievers to an indeterminate sentence with a minimum term greater than one-third of the maximum term.

III. STANDARD OF REVIEW
A trial court's ruling on a motion to suppress is to be upheld on appeal unless its findings are clearly erroneous. State v. Hicks, 241 Neb. 357, 488 N.W.2d 359 (1992).
In deciding whether the trial court's findings on a motion to suppress are clearly erroneous, the reviewing court recognizes the trial court as the finder of fact and takes into consideration that the trial court has observed the witnesses testifying regarding the motion. State v. Kimminau, 240 Neb. 176, 481 N.W.2d 183 (1992).
On a criminal defendant's motion to dismiss for insufficient evidence, the State is entitled to have all its relevant evidence accepted as true, the benefit of every inference reasonably drawn from the evidence, and every controverted fact resolved in its favor. State v. Wegener, 239 Neb. 946, 479 N.W.2d 783 (1992).

IV. ANALYSIS

1. MOTION TO SUPPRESS
Sievers consented to a provision in his probation order that allowed the State to search his residence without a warrant at any time unless Sievers refused to permit such a search. Sievers argues that the search at issue was invalid because the provision authorizing the search was invalid. He claims that the provision had no reasonable relationship to his rehabilitation and was, instead, a subterfuge that allowed the State to figuratively conduct a fishing expedition for criminal evidence whenever it desired.
This issue is controlled by State v. Morgan, 206 Neb. 818, 295 N.W.2d 285 (1980). In Morgan, the court found valid a condition of a probation order in which a probationer convicted of a drug offense consented to warrantless searches of his person or property for controlled substances at any time. The court stated that one of the criteria that must be satisfied in order for such a condition to be valid is that the condition must be applied in a reasonable manner and must contribute to the rehabilitation of the offender. The condition was held valid in Morgan because illegal drug activity frequently is uncovered only through searches of a suspect's person or property, and because the prospect of having his person or property searched at any time could deter the offender from repeating the criminal conduct for which he was convicted.
The same rationale applies in the case now before us. Sievers was convicted of burglary. Criminal activities in the field of burglary could be uncovered or deterred because of a consensual condition in a probation order permitting a warrantless search of the probationer's person or residence. Furthermore, utilization of the search provision was reasonable in Sievers' case because the record clearly indicates that the police had gathered evidence which led them to conclude that Sievers was a suspect. Therefore, the condition in Sievers' probation order and the search at issue were valid, and we affirm the judgment of the trial court overruling the motion to suppress.

2. MOTION TO DISMISS
Sievers argues that his subsequent burglary conviction cannot be used as proof by clear and convincing evidence that he violated probation because the subsequent burglary conviction had not yet become final at the time it was offered to prove the alleged violation of probation. For support of this proposition, Sievers cites State v. Estes, 238 Neb. 692, 472 N.W.2d 214 (1991). However, in Estes, the court held that a prior conviction relied upon for enhancement purposes must be final. Estes is not analogous to the case at bar and is not helpful to our analysis.
Our research indicates that the Nebraska Supreme Court has not addressed the question of whether a conviction not yet final can be used as proof of a probation violation.
We find it significant that in State v. Kartman, 192 Neb. 803, 807, 224 N.W.2d 753, 755 (1975), the court held that "[w]here a criminal *208 prosecution has been started based upon the probationer's conduct, the probation court need not wait conclusion of those proceedings in order to revoke probation. If the court is satisfied that the law has been violated a conviction is not a prerequisite." In Kartman, the district court revoked the defendant's probation because of conduct that resulted in the defendant's being charged with driving while intoxicated in Oklahoma. The State of Oklahoma had not yet prosecuted the defendant for driving while intoxicated, but the Nebraska Supreme Court held that evidence of the defendant's conduct pertaining to the charge in Oklahoma was sufficient to support a finding that the defendant had violated probation. Thus, evidence of alleged criminal conduct can be sufficient to support a finding of violation of probation even if there has not been a criminal conviction based on that conduct.
Even though a conviction is not necessary for a finding that probation has been violated, the State chose to join argument with Sievers on the issue of whether a conviction must be final in order to serve as clear and convincing proof of a probation violation. We assume that the State addressed the conviction issue on the merits because, absent the conviction, the factual basis for finding a probation violation by Sievers is rather thin. In Kartman, the defendant was apprehended in the course of his alleged criminal conduct. Witnesses at the probation revocation hearing in Nebraska testified that the defendant was obviously intoxicated when he was found alone in the driver's seat of a vehicle that had left the road and struck a gas meter and a fire hydrant. In Sievers' case, clues led investigators to Sievers' home, but no one had witnessed Sievers' alleged unlawful conduct. A stolen coin was found in Sievers' home, but the coin could have arrived in Sievers' home in any number of ways not involving criminal conduct by Sievers. We address the issue of whether a conviction must be final because this appears to be a case in which, without the conviction, there is not clear and convincing proof of unlawful conduct.
There are numerous cases from other jurisdictions supporting the use of a conviction as proof of a probation violation even if the conviction is awaiting appellate review. See, United States v. Gentile, 610 F.2d 541 (8th Cir.1979); United States v. Lustig, 555 F.2d 751 (9th Cir.1977); Roberson v. State of Connecticut, 501 F.2d 305 (2d Cir.1974); State v. Oppelt, 184 Mont. 48, 601 P.2d 394 (1979); State v. Barnett, 112 Ariz. 212, 540 P.2d 684 (1975); Gentry v. Warden, 167 Conn. 639, 356 A.2d 902 (1975); State v. Chavez, 102 N.M. 279, 694 P.2d 927 (N.M.App.1985). We are persuaded by this authority. Therefore, we hold that a conviction not yet final may be used by the State to prove by clear and convincing evidence that a probationer has violated the terms of his or her probation order. Consequently, we find no error in the trial court's decision to overrule Sievers' motion to dismiss.

3. SENTENCE
The record clearly indicates that Sievers' complaint regarding his sentencing was resolved in the trial court. This assignment of error is without merit.
AFFIRMED.