Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/11/2020 08:07 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
SHAKUR M. HOUSTON, APPELLANT.
___ N.W.2d ___

Filed August 4, 2020.    No. A-19-851.

1. **Constitutional Law: Due Process.** The determination of whether
   the procedures afforded an individual comport with the constitutional
   requirements for procedural due process presents a question of law.
2. **Appeal and Error.** An appellate court resolves questions of law inde-
   pendently of the lower court's conclusion.
3. **Probation and Parole.** The revocation of probation is a matter entrusted
   to the discretion of a trial court.
4. **Judges: Words and Phrases.** A judicial abuse of discretion exists
   only when the reasons or rulings of a trial judge are clearly untenable,
   unfairly depriving a litigant of a substantial right and denying a just
   result in matters submitted for disposition.
5. **Sentences: Appeal and Error.** An appellate court will not disturb a sen-
   tence imposed within the statutory limits absent an abuse of discretion
   by the trial court.
6. **Probation and Parole: Due Process.** The minimum due process pro-
   tections required at a probation revocation hearing are as follows: (1)
   written notice of the time and place of the hearing; (2) disclosure of
   evidence; (3) a neutral factfinding body or person, who should not be
   the officer directly involved in making recommendations; (4) opportu-
   nity to be heard in person and to present witnesses and documentary
   evidence; (5) the right to cross-examine adverse witnesses, unless the
   hearing officer determines that an informant would be subjected to
   risk of harm if his or her identity were disclosed or unless the officer
   otherwise specifically finds good cause for not allowing confrontation;
   and (6) a written statement by the fact finder as to the evidence relied
   on and the reasons for revoking the conditional liberty. In addition, the
   parolee or probationer has a right to the assistance of counsel in some
   circumstances where the parolee's or probationer's version of a disputed
   issue can fairly be represented only by a trained advocate.

7. **Constitutional Law: Probation and Parole: Rules of Evidence.** The Sixth Amendment right to confrontation and the Nebraska Evidence Rules do not apply to probation revocation proceedings.

8. **Probation and Parole: Rules of Evidence.** Although the Nebraska Evidence Rules do not apply to revocation proceedings, the courts nevertheless take guidance from them, and admission of evidence at a probation revocation hearing is not limitless.

9. **Probation and Parole: Evidence: Witnesses.** Absent a showing of good cause, a probationer has the right to confront adverse witnesses with personal knowledge of the evidence upon which the termination or revocation is based.

10. **Probation and Parole: Hearsay.** It is inadvisable for a court to rely solely on unsubstantiated hearsay to revoke probation.

11. **Probation and Parole: Proof.** While the revocation of probation is a matter entrusted to the discretion of a trial court, unless the probationer admits to a violation of a condition of probation, the State must prove the violation by clear and convincing evidence.

12. **Evidence: Words and Phrases.** Clear and convincing evidence means that amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of a fact to be proved.

13. **Probation and Parole: Hearsay: Proof.** The sole reliance on hearsay evidence in probation hearings, especially when no findings of substantial reliability are made, is generally considered a failure of proof.

Appeal from the District Court for Douglas County: J Russell Derr, Judge. Reversed and remanded for further proceedings.

Thomas C. Riley, Douglas County Public Defender, Korey T. Taylor, and Reilly White, Senior Certified Law Student, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Moore, Chief Judge, and Riedmann and Arterburn, Judges.

Riedmann, Judge.

### INTRODUCTION

Shakur M. Houston appeals from an order of the district court for Douglas County revoking his probation. Houston

asserts that his due process rights were violated during the revocation hearing, there was insufficient evidence to revoke his probation, and he received an excessive sentence. Because we find that Houston's due process rights were violated, we reverse the order revoking his probation and remand the cause for further proceedings.

## BACKGROUND

In March 2017, Houston, age 15, pled no contest to one count of burglary in the district court. He was sentenced to 5 years' probation. In May 2018, the State filed a motion to revoke Houston's probation. It alleged that Houston violated the terms of his probation by engaging in assaultive conduct, failing to regularly attend school, testing positive for marijuana, failing to report to probation, and failing to make his whereabouts known to probation for an 11-day period.

A hearing was held on the State's revocation motion. The State adduced testimony from Abby Kossow, Houston's probation officer. Kossow testified, over Houston's objection, that Houston had been suspended from school on two occasions. He was suspended on the first occasion for inappropriately touching a female student and on the second occasion for leaving school during the day and refusing a drug test when he returned. Kossow also testified that Houston was subjected to drug testing as part of his probation and that he tested positive for marijuana on April 25, 2018. Kossow further informed the court that she was unable to locate Houston from May 12 until May 23 and that he missed a meeting with the probation office on May 22.

Kossow also provided testimony regarding Houston's assaultive conduct over Houston's objections of hearsay, foundation, and the confrontation clause. According to Kossow, Houston's mother contacted law enforcement due to an altercation between Houston and his sister on May 12, 2018, and Houston had kicked in the front door, damaging it. Kossow testified that she discovered Houston was at the Douglas County Youth Center (DCYC) on May 23, after he was arrested for

the charges stemming from the incident at his mother's house. On cross-examination, Kossow admitted that those charges were later dismissed. She further admitted that she obtained information about the incident from a police report, Houston's mother, and a law enforcement officer.

Following the hearing, the court sustained the motion, finding that Houston's underlying behavior necessitated that his probation be revoked. It determined that Kossow's hearsay testimony based on conversations with the principal of the school Houston attended was sufficiently reliable and that it was Houston's own actions which led to his being suspended. The court further found that Houston refused a drug test and failed to report his whereabouts from May 12 until May 23, 2018. The court also found that Houston was arrested and placed in the DCYC for criminal conduct. In August 2019, Houston was sentenced to 5 to 6 years' imprisonment for the underlying offense of burglary. He timely appealed.

## ASSIGNMENTS OF ERROR

Houston assigns, consolidated and restated, that the district court erred in (1) violating his due process right to confront adverse witnesses at the probation revocation hearing, (2) finding clear and convincing evidence he violated his probation while relying on unreliable and unsubstantiated evidence, and (3) imposing an excessive sentence.

## STANDARD OF REVIEW

[1,2] The determination of whether the procedures afforded an individual comport with the constitutional requirements for procedural due process presents a question of law. *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014). An appellate court resolves questions of law independently of the lower court's conclusion. *Id.*

[3,4] The revocation of probation is a matter entrusted to the discretion of a trial court. *Id.* A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial

right and denying a just result in matters submitted for disposition. *Id*.

[5] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hunt*, 299 Neb. 573, 909 N.W.2d 363 (2018).

## ANALYSIS

*Noncriminal Probation Violations.*

The district court sustained the State's motion to revoke Houston's probation on the following grounds: Houston engaged in assaultive conduct, failed to regularly attend school, tested positive for marijuana, failed to report to probation, and failed to make his whereabouts known to probation for an 11-day period. On appeal, Houston argues that it was improper to revoke his probation on any basis other than assaultive conduct, because the other allegations were noncriminal violations or substance abuse violations of his probation order for which he had not served custodial sanctions.

For a probationer convicted of a felony, revocation proceedings may only be instituted in response to a substance abuse or noncriminal violation if the probationer has served 90 days of cumulative custodial sanctions during the prison term. Neb. Rev. Stat. § 29-2267(3) (Reissue 2016). Houston asserts, and the State agrees, that he did not receive 90 days of custodial sanctions for his noncriminal or substance abuse violations. Thus, the district court abused its discretion in revoking Houston's probation for failing to regularly attend school, testing positive for marijuana, failing to report to probation, and failing to make his whereabouts known to probation for an 11-day period.

*Assaultive Conduct.*

The only remaining ground on which the court could have revoked Houston's probation is for engaging in assaultive conduct. Houston argues that the court violated his due process rights by admitting hearsay testimony and denying his right to

confront adverse witnesses at the revocation hearing. Further, he asserts that the State failed to present clear and convincing evidence he engaged in assaultive conduct. We agree.

[6] Section 29-2267 provides, in relevant part, that during probation revocation proceedings, the probationer shall have the right to hear and controvert the evidence against him, to offer evidence in his defense, and to be represented by counsel. See, also, *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014). Relying on U.S. Supreme Court cases, the Nebraska Supreme Court has described the minimum due process protections required at a probation revocation hearing as follows:

"(1) written notice of the time and place of the hearing; (2) disclosure of evidence; (3) a neutral factfinding body or person, who should not be the officer directly involved in making recommendations; (4) opportunity to be heard in person and to present witnesses and documentary evidence; (5) the right to cross-examine adverse witnesses, unless the hearing officer determines that an informant would be subjected to risk of harm if his or her identity were disclosed or unless the officer otherwise '"specifically finds good cause for not allowing confrontation"'; and (6) a written statement by the fact finder as to the evidence relied on and the reasons for revoking the conditional liberty. In addition, the parolee or probationer has a right to the assistance of counsel in some circumstances where the parolee's or probationer's version of a disputed issue can fairly be represented only by a trained advocate."

*State v. Johnson*, 287 Neb. at 199-200, 842 N.W.2d at 71, quoting *State v. Shambley*, 281 Neb. 317, 795 N.W.2d 884 (2011).

[7-10] The Nebraska Supreme Court has clearly stated that the Sixth Amendment right to confrontation and the Nebraska Evidence Rules do not apply to probation revocation proceedings. See *State v. Johnson, supra.* Although the Nebraska Evidence Rules do not apply, the courts nevertheless take guidance from them and the admission of evidence at a

probation revocation hearing is not limitless. See *id*. Absent a showing of good cause, a probationer has the right to confront adverse witnesses with personal knowledge of the evidence upon which the termination or revocation is based. See *State v. Shambley, supra*. It is inadvisable for a court to rely solely on unsubstantiated hearsay to revoke probation. See *State v. Johnson, supra.*

Here, the sole witness at the hearing for Houston's alleged assaultive conduct was Kossow. The extent of her testimony on this issue was that Houston's mother informed her Houston engaged in assaultive conduct toward his sister, "something related to a Gatorade bottle," and kicked in the front door to their home to gain entry; she found Houston at the DCYC; and she reviewed the police report following the incident and had a conversation with a law enforcement officer. Thus, Kossow was relying on unsubstantiated hearsay and neither witnesses nor documents were offered to support her testimony. Prior to Kossow's testimony, Houston objected on the grounds that her testimony was hearsay, lacked foundation, and denied his right to confront witnesses. The district court overruled his objections and allowed Kossow to testify.

The record does not indicate that the district court made a finding of good cause as to why Houston was not permitted to confront the law enforcement officers who arrested him for the assaultive conduct, nor his mother or sister who witnessed his assaultive conduct. Thus, the district court violated Houston's due process rights in that he was not permitted to cross-examine adverse witnesses with personal knowledge of his assaultive conduct.

The State argues that the court did not rely solely on unsubstantiated hearsay information, because Houston was able to cross-examine Kossow about her knowledge of his assaultive conduct. It further argues that Kossow had personal knowledge as to when Houston was located at DCYC and the reason for his detention. We disagree, because although Houston could cross-examine Kossow about her secondhand knowledge of

the assaultive conduct, he could not cross-examine adverse witnesses with personal knowledge. Furthermore, Kossow's knowledge that Houston was at DCYC does not prove his alleged assaultive conduct and her knowledge of why he was there was based on hearsay.

In similar factual circumstances, Nebraska appellate courts have determined that an individual's inability to cross-examine adverse witnesses with personal knowledge of his or her alleged wrongdoing was a violation of his or her due process rights. In *State v. Shambley*, 281 Neb. 317, 795 N.W.3d 884 (2011), a drug court participant was removed from the program following numerous positive drug tests. The participant's removal was based in part on a letter from a drug court coordinator which contained statements from other individuals detailing the participant's drug usage, as well as attachments with reports of positive drug tests. *Id*. The Supreme Court reversed the district court's removal of the participant from drug court. It determined that even under the flexible standards of revocation proceedings which allow the consideration of hearsay evidence, the drug court participant's due process rights were violated because "[n]ot a single adverse witness was available for [the participant] to cross-examine." *Id.* at 332, 795 N.W.2d at 896. The Supreme Court further stated that the district court did not make any findings that there was good cause to disallow her right to cross-examine adverse witnesses. *Id*.

Similarly, in *State v. Mosley*, 194 Neb. 740, 235 N.W.2d 402 (1975), *overruled on other grounds, State v. Kramer*, 231 Neb. 437, 436 N.W.2d 524 (1989), the Supreme Court reversed an order revoking probation after the defendant was alleged to have robbed a store. At the revocation hearing, the investigating officer related hearsay statements from the store clerk describing the robbers and a fingerprint left in the store. *Id*. The Supreme Court reversed, determining that there was no finding of good cause for denying the probationer his right to confront the store clerk. *Id*.

Further, in *State v. Clark*, 8 Neb. App. 525, 598 N.W.2d 765 (1999), this court reversed an order revoking probation for alleged positive drug tests. At the revocation hearing, the probation officer testified that he had tested the probationer for drug use and sent the specimen to a laboratory for analysis, which indicated the specimen tested positive for marijuana. *Id*. The trial court overruled the probationer's objection that he had no opportunity to cross-examine the technician who conducted the test. This court held that by denying the probationer his right to confront the technician who conducted the test, the trial court denied the probationer's minimum due process rights because there was not a finding of good cause for not allowing confrontation. *Id*.

Conversely, in *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014), the Supreme Court affirmed the district court's revocation of probation for physical assault based on testimony from the investigating officers, including statements made to them by the victim, along with an audio and visual recording of the victim's interview. The probationer objected to the statements made by the victim because he was unable to cross-examine her. *Id*. The district court overruled the objection, finding that there was good cause to allow the hearsay statements because the victim was unavailable due to her death and the statements were corroborated by other evidence. *Id*. The Supreme Court affirmed stating that where "the unavailability of a witness is shown and the court finds indicia of reliability and corroboration of the hearsay evidence through other evidence, good cause has been shown and the court may rely on the hearsay evidence in the absence of cross-examination." *Id*. at 201, 842 N.W.2d at 72.

Here, as iterated above, the district court overruled Houston's objection to Kossow's hearsay testimony and did not make a finding of good cause as to why he should not be allowed to confront adverse witnesses. Kossow's testimony was not corroborated by any other evidence at the hearing. Accordingly, based on our de novo review of the record, we determine

that the district court violated Houston's due process rights in allowing Kossow's hearsay testimony. The order must be reversed and the cause remanded for further hearing, with instructions that the right of confrontation be allowed unless the trial court specifically finds good cause shown for a denial. See, *State v. Mosley, supra*; *State v. Clark, supra*.

[11,12] The only admissible evidence regarding Houston's alleged assaultive conduct was Kossow's testimony that she discovered him at the DCYC. But there is no admissible evidence before us indicating what led to Houston's detention, nor any evidence that Houston engaged in assaultive conduct. While the revocation of probation is a matter entrusted to the discretion of a trial court, unless the probationer admits to a violation of a condition of probation, the State must prove the violation by clear and convincing evidence. *State v. Johnson, supra*. Clear and convincing evidence means that amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of a fact to be proved. *Id*. Kossow's testimony that she discovered Houston at the DCYC is the only firsthand knowledge she had that Houston was detained, but even that evidence falls short of being clear and convincing that he engaged in assaultive conduct.

[13] The State asserts that Kossow's testimony was sufficient evidence that Houston engaged in assaultive conduct. However, Kossow's testimony was based on inadmissible, unsubstantiated hearsay evidence. The sole reliance on hearsay evidence in probation hearings, especially when no findings of substantial reliability are made, is generally considered a failure of proof. See *State v. Shambley*, 281 Neb. 317, 795 N.W.2d 884 (2011).

The State argues that because Houston was arrested and placed at DCYC, there is sufficient evidence that he was involved in an assaultive incident. It further contends that the fact that the charge was dismissed does not negate such a finding. The State relies upon *State v. Kartman*, 192 Neb. 803, 224 N.W.2d 753 (1975), for the proposition that "'Where a

criminal prosecution has been started based upon the probationer's conduct, the probation court need not wait conclusion of those proceedings in order to revoke probation. If the court is satisfied that the law has been violated a conviction is not a prerequisite.'" Brief for appellee at 16. The State claims that a conviction not yet final may be used to demonstrate that a probationer has violated the terms of his or her probation, citing to *State v. Sievers*, 2 Neb. App. 463, 511 N.W.2d 205 (1994).

While we agree with the State's general propositions, the record before us differs from that in both *State v. Kartman, supra*, and *State v. Sievers, supra*. In *Kartman*, the officers who arrested the defendant for the conduct that allegedly violated his probation testified at the revocation hearing. In *Sievers*, the State offered a certified copy of the information charging the defendant with the conduct that allegedly violated his probation and a certified copy of the trial court's docket entry showing that he had been found guilty of one count contained in that information. Here, our record does not contain any such evidence or even a charging document indicating that Houston was charged with assault.

Consequently, we find that the State failed to present clear and convincing evidence demonstrating that Houston engaged in assaultive conduct and, therefore, violated the terms of his probation. Thus, the district court abused its discretion in revoking his probation.

*Excessive Sentence.*

Because we find that the court erred in revoking Houston's probation, we need not address whether his sentence was excessive.

## CONCLUSION

Houston's probation was erroneously revoked for non-criminal and substance abuse violations before he received custodial sanctions, as required by statute. As to the claim of assaultive conduct, Houston's due process rights were

violated, in that he was not able to confront adverse witnesses, and the State failed to produce clear and convincing evidence demonstrating that he engaged in assaultive conduct. Therefore, we reverse the district court's order revoking Houston's probation and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.