IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MCMANUS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

AMANDA L. MCMANUS, APPELLANT.

Filed May 13, 2025.    No. A-24-669.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

D. Brandon Brinegar, Chief Deputy Buffalo County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and MOORE and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Amanda L. McManus appeals from an order of the district court for Buffalo County revoking her probation. On appeal, she asserts that the district court erred in revoking her probation in contravention of the terms of Neb. Rev. Stat. § 29-2267 (Reissue 2016); in admitting hearsay testimony during the revocation proceedings; and in denying her motion to continue the sentencing hearing. For the reasons set forth herein, we affirm the district court's revocation of McManus' probation and her new sentence.

## BACKGROUND

On August 31, 2021, McManus was sentenced by the district court on her convictions for 10 counts of criminal nonsupport, each a Class IV felony. The court placed McManus "on a probationary status on Counts 1-10 for a period of 3 years [for] each count to be served concurrently to one another." On April 19, 2024, the State filed a motion to revoke McManus'

probation. It alleged that McManus violated the terms of her probation by failing to report to the probation office since at least January 19, 2024, and being placed in "abscond status"; failing to maintain full time employment or engage in an educational program; failing to pay any of her assessed probationary fees; failing to participate in outpatient substance abuse counseling, a medication assessment, or individual counseling; failing to submit to required chemical testing since September 2022; and failing to attend required classes.

A hearing was held on the State's revocation motion on July 11, 2024. The State adduced testimony from Stephanie Mendez, the probation officer assigned to McManus since April. Mendez explained that prior to January, McManus was being supervised by a probation officer from York County, which is where McManus had been residing. However, the case was transferred back to Mendez' district, which included Buffalo County, after McManus was placed in "abscond status" on January 19.

Mendez testified that since becoming McManus' probation officer, she has had no contact with McManus; McManus has never even checked in, which is required every 15 days; and that no other probation officer has had contact with McManus since at least January 19, 2024. Mendez indicated that McManus had not yet been notified of the change in her probation officer because no one had been able to contact her. McManus' York County probation officer did send notices to McManus regarding the change in December 2023, January 2024, and March 2024, but was not successful in making contact with McManus.

Mendez further testified that according to documentation she reviewed in the probation documentation system, McManus has not paid any fees or costs required by her probationary order. She has not provided proof that she has attended required substance abuse counseling. She also has not provided proof that she has participated in a medication assessment, in individual counseling, or in required classes. Mendez testified that McManus last reported for drug testing on September 16, 2022.

After Mendez testified, McManus testified on her own behalf. She contended that she was in regular, continuous contact with her York County probation officer up until April 2024, when she received notice that the State had filed a motion to revoke her probation. After she received the notice, she immediately contacted her probation officer, who informed her that she now had a different probation officer. However, the probation officer failed to tell McManus who the new probation officer was. As such, McManus contended that she could not make contact with the new probation officer.

McManus stated that she experienced several serious health problems since being placed on probation in August 2021. The following ailments were listed. In December 2022, she was hospitalized to have melanoma removed from her back. In January 2023, she was hospitalized to undergo a hysterectomy. In April 2023, she was diagnosed as suffering from a blood clot in one of her arteries. In early 2024, she suffered from an irregular heartbeat and was in and out of the hospital since April when she received notice of the State's motion to revoke her probation. McManus testified that she always kept her York County probation officer informed of her health problems and hospitalizations. However, McManus failed to offer into evidence any medical records to support her testimony about her health problems.

McManus admitted that she had not completed all of the conditions of her probation order, in part, because of her health problems. She testified that she has not participated in out-patient

counseling during the last 3 years. She has only drug tested twice in the last 3 years. And, she is not currently employed. However, McManus also testified that she has been making payments toward her child support obligation during the last 3 years. She explained that her boyfriend has made regular payments on her behalf.

At the close of the evidence, the district court found that the State had proven that McManus had violated four separate terms of the probation order. Specifically the court found that the State had demonstrated that McManus had failed to check in or report to her probation officer since January 19, 2024, failed to have full-time employment or participate in an employment program, failed to engage in substance abuse counseling, a medication assessment, or individual counseling, and failed to attend required classes. The court scheduled sentencing for August 12, 2024. The court ordered McManus to participate in an updated presentence investigation report (PSR) and to sign releases regarding her medical treatment.

The sentencing hearing was continued from August 12, 2024, to August 23. At the start of the August 23 hearing, McManus' counsel offered into evidence, without objection, "some medical records that I received from York General regarding my client." Counsel then asked the court to continue the sentencing hearing again "for purposes of obtaining some additional evidence regarding this." Counsel informed the court that he was having trouble getting McManus' medical providers to respond to their requests for records. Counsel argued that McManus' serious health issues were relevant to her ability to comply with the August 2021 probation order.

The State objected to the request for a continuance. The prosecutor noted that McManus was still on "abscond status" with probation because she had not checked in even after the revocation hearing wherein the court specifically instructed her to report. The State also indicated that McManus had since July 11, 2024, to secure her medical records for the court.

The district court overruled the motion to continue, citing McManus' continued "abscond status" and the prior continuance of the sentencing hearing. McManus' counsel argued in favor of continuing her on probation, rather than sentencing her to a period of imprisonment. In support of this position, counsel iterated that McManus has been making efforts to pay her child support obligation. Counsel also pointed out that McManus' failure to comply with the prior probation order was largely a result of her very serious medical issues. Contrary to defense counsel's arguments, the State argued in favor of "a lengthy sentence of incarceration." The State asserted, "[T]his is not just about collecting money. This is about listening to a Court's order. Ms. McManus has shown a history of repeatedly disregarding what the Courts have told her." It pointed out that McManus "is still in abscond status. . . . She was told at the . . . evidentiary hearing to go check in with Probation. Probation has said she did not do that."

An updated PSR was received for purposes of sentencing. The primary component of the update was a letter from Tamara O'Malley who was McManus' probation officer in York. O'Malley noted that while McManus did complete three required classes, she was otherwise noncompliant with her probation order. She did not report when required and refused to provide medical documentation to substantiate her claimed illnesses that she contended prevented her from participating in treatment programs, probation appointments, and required drug tests. O'Malley contacted one medical provider McManus claimed had provided her services. That provider reported that they had no record of McManus being a patient there. O'Malley stated that McManus was almost completely noncompliant with the conditions of probation. She attached three notices

to report sent to McManus in November 2023, January 2024, and March 2024. McManus did not respond to any of these notices.

In its sentencing order the district court found that McManus' prior probation should be revoked and that a new sentence should be imposed. On the first count of criminal nonsupport, she was ordered to serve a term of 6 months in the Buffalo County Jail. For the remaining nine counts of criminal nonsupport, McManus was sentenced to a new 1 year term of probation "under the prior terms, excluding any sentence of incarceration, that to be served consecutive to Count I." The court explained that McManus essentially had another year on probation after serving her jail sentence and that "there would still be available, on violation, up to two years imprisonment[]" on each of the remaining nine counts.

McManus appeals here.

ASSIGNMENTS OF ERROR

On appeal, McManus assigns as error and argues that the district court erred in revoking her probation in response to "noncriminal" violations when she had not served 90 days of cumulative custodial sanctions during her probation, in violation of § 29-2267(3). She also assigns and argues that the district court improperly permitted Mendez to provide hearsay testimony during the revocation hearing and that it erroneously denied her motion to continue the sentencing hearing.

STANDARD OF REVIEW

The revocation of probation is a matter entrusted to the discretion of a trial court. *State v. Houston*, 28 Neb. App. 699, 947 N.W.2d 602 (2020). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id*.

The determination of whether the procedures afforded an individual comport with the constitutional requirements for procedural due process presents a question of law. *Id*. An appellate court resolves questions of law independently of the lower court's conclusion. *Id*.

A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017).

ANALYSIS

*Noncriminal Probation Violations.*

At the close of the revocation hearing, the district court found that McManus had violated the terms of the probation order by failing to have any contact with her probation officer as directed which resulted in her being placed into an abscond status; failing to have full-time employment; failing to engage in substance abuse counseling, a medication assessment, or individual counseling; and failing to attend required classes. On appeal, McManus argues that it was improper to revoke her probation based on these violations, because such violations were noncriminal violations or substance abuse violations of her probation order for which she had not served custodial sanctions.

- 4 -

For a probationer convicted of a felony, revocation proceedings may only be instituted in response to a substance abuse or noncriminal violation if the probationer has served 90 days of cumulative custodial sanctions during the current probation term. § 29-2267(3). We agree with McManus' assertion that there is nothing in our record to suggest that McManus ever served 90 days of cumulative custodial sanctions since the entry of the August 2021 probation order. We also agree with McManus that the district court could not revoke her probation on the basis that she failed to have full-time employment; failed to engage in substance abuse counseling, a medication assessment, or individual counseling; and failed to attend required classes. Each of these violations is either a noncriminal or a substance abuse violation pursuant to Neb. Rev. Stat. § 29-2266(4) and (5) (Reissue 2016).

However, while the district court enunciated all of the conditions of probation that were violated following the evidentiary hearing, it did not make the decision to revoke McManus' probation until it entered its new sentence. The specific basis for revocation was not specifically identified in that order, although the court did note again that McManus had violated the terms of the prior order of probation. In the court's oral comments prior to sentencing, the court noted that even after specifically ordering McManus to report to her probation officer following the revocation hearing, McManus had chosen not to do so. This failure was clearly a factor in the court's decision to revoke probation and resentence McManus. Pursuant to § 29-2266(4)(b), absconding supervision while on probation does not constitute a "noncriminal violation." As such, the district court did not abuse its discretion in revoking McManus' probation on the basis that she had been on abscond status since January 19, 2024, after having failed to have any contact with her probation officer. We find no abuse of discretion in the district court's ultimate decision to revoke McManus' probation on this basis.

*Admissibility of Mendez' Testimony.*

During the revocation hearing, Mendez testified that McManus' case was transferred from York County to Buffalo County after McManus' probation had been placed in "abscond status" on January 19, 2024. McManus objected to this testimony as hearsay, but the court overruled the objection. Mendez then testified, without objection, that McManus had not checked in with her within the last 15 days, even though she was required by the terms of her probation to do so. She also testified, without objection, that she had not had any contact with McManus since she became the assigned probation officer, nor was she aware that any other probation officer had contact with McManus during this same time period.

During McManus' cross-examination of Mendez, Mendez again testified that McManus' probation had been placed in abscond status in January 2024. McManus did not object to this testimony. During the State's re-direct, Mendez also testified regarding McManus' probation being in abscond status without objection. When McManus was permitted to re-cross Mendez, her counsel confirmed that McManus "would have been put into abscond status and her case returned to her original district" after she failed to respond to numerous attempts to reach her.

On appeal, McManus asserts that the district court erred in permitting Mendez to testify that McManus' probation was in abscond status because she did not have personal knowledge of this fact. McManus points to her hearsay objection after Mendez first testified that McManus' probation had been in abscond status since January 2024. She asserts that even though the rules of

evidence do not apply at a revocation hearing, that the hearsay objection should have been sustained "because the admission of evidence at a probation revocation hearing is not limitless." Brief for appellant at 13.

Assuming without deciding that McManus has properly preserved her objection to Mendez' testimony by making a hearsay objection the first time Mendez testified regarding McManus' abscond status, we conclude that the district court did not err in allowing the testimony. The Nebraska Supreme Court has clearly stated that the Sixth Amendment right to confrontation and the Nebraska Evidence Rules do not apply to probation revocation proceedings. See *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014). Although the Nebraska Evidence Rules do not apply, the courts nevertheless take guidance from them and the admission of evidence at a probation revocation hearing is not limitless. See *id*. Moreover, § 29-2267 provides, in relevant part, that during probation revocation proceedings, the probationer shall have the right to hear and controvert the evidence against him or her, to offer evidence in his or her defense, and to be represented by counsel. Relying on U.S. Supreme Court cases, the Nebraska Supreme Court has described the minimum due process protections required at a probation revocation hearing as follows:

> (1) written notice of the time and place of the hearing; (2) disclosure of evidence; (3) a neutral factfinding body or person, who should not be the officer directly involved in making recommendations; (4) opportunity to be heard in person and to present witnesses and documentary evidence; (5) the right to cross-examine adverse witnesses, unless the hearing officer determines that an informant would be subjected to risk of harm if his or her identity were disclosed or unless the officer otherwise "'specifically finds good cause for not allowing confrontation'"; and (6) a written statement by the fact finder as to the evidence relied on and the reasons for revoking the conditional liberty. In addition, the parolee or probationer has a right to the assistance of counsel in some circumstances where the parolee's or probationer's version of a disputed issue can fairly be represented only by a trained advocate.

*State v. Johnson*, 287 Neb. at 199-200, 842 N.W.2d at 71.

Here, Mendez testified regarding McManus' probation being in abscond status based on her review and reliance on the probation office's documentation system. Mendez explained that McManus' York County probation officer had uploaded documentation to the system regarding the supervision of McManus and that as part of her job, she relies on such information. Mendez also testified, pursuant to her own independent knowledge, that McManus had not contacted her since the case was transferred to her in April 2024. Moreover, according to Mendez, McManus had not reached out to any probation officer from April through the hearing in July. "Absconding supervision" means a probationer has purposely avoided supervision for a period of at least 2 weeks. See § 29-2266(1).

We conclude that the district court did not err in permitting Mendez to testify that McManus' probation was in abscond status prior to the revocation hearing. Mendez relied on information contained in the probation office's documentation system in testifying that McManus was first placed in abscond status in January 2024. This is the type of information routinely relied upon by probation officers in the course of their work. She then testified based upon her own

personal knowledge that McManus had not contacted probation for a period of almost 3 months from April to July. We further note that the PSR was reviewed prior to the court's sentencing order revoking probation. The letter of O'Malley which corroborated Mendez' testimony was received without objection from McManus. The district court properly considered the testimony regarding McManus being in abscond status at the time of the revocation hearing.

*Request to Continue Sentencing Hearing.*

At the start of the sentencing hearing held on August 23, 2024, McManus' counsel offered into evidence, without objection, "some medical records that I received from York General regarding my client." Counsel then asked the court to continue the sentencing again "for purposes of obtaining some additional evidence regarding this." The court denied the request for a continuance, citing McManus' continuing "abscond status" and the prior continuance of the sentencing hearing. On appeal, McManus asserts that the district court's denial of her request was "clearly untenable" given that her medical conditions affected her ability to comply with the terms of her previous probationary order and her medical records would demonstrate this fact. Brief for appellant at 14. Upon our review, we find no abuse of discretion in the district court's denial of the request to continue the sentencing hearing.

The Supreme Court has previously held that a trial court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial. *State v. Dixon*, 282 Neb. 274, 802 N.W.2d 866 (2011). The Supreme Court has also said that "[w]here the criminal defendant's motion for continuance is based upon the occurrence or nonoccurrence of events within the defendant's own control, denial of such motion is no abuse of discretion." *State v. Eichelberger*, 227 Neb. 545, 556, 418 N.W.2d 580, 588 (1988). We determine that both these principles weigh against a finding that the district court abused its discretion in this case.

McManus asked for a continuance so that she could obtain additional medical records to prove that her medical conditions affected her ability to comply with the prior order of probation. However, she had ample time to obtain these records prior to the August 23, 2024, sentencing hearing. McManus raised the issue of her health conditions at the July 11 revocation hearing. While she testified to her health issues, she did not offer any documentary evidence in support of those issues. When the district court initially scheduled the sentencing hearing for August 12, it instructed McManus to sign releases regarding her medical treatment and obtain her medical records for the court. The district court later continued the sentencing hearing from August 12 to August 23, which provided McManus additional time to obtain her medical records. McManus then appeared at the August 23 hearing without the majority of her medical records, claiming she was having trouble obtaining the records. However, it is clear that McManus' ability to obtain the records was completely within her own control. She needed only visit her medical providers and request copies of the records. She had well over a month between the revocation hearing and the sentencing hearing to do so. There is no indication that any additional time would result in the production of any additional records.

Moreover, McManus cannot show that she was prejudiced by the absence of all of her medical records at the sentencing hearing. The district court had a great deal of evidence regarding McManus' health struggles at the time of sentencing and acknowledged such information prior to

imposing its sentence. The district court went on to explain that any impediments that may have existed due to McManus' physical health were outweighed by her failure to make any attempts to meet with probation, even after the July 11, 2024, revocation proceedings. The district court appeared very troubled by the fact that McManus' probation remained in abscond status:

> I acknowledge you have some medical issues, but I don't think you were cooperative with Probation in providing verification; and I think most telling is even after the July 11th hearing, you didn't contact Probation, still considered in abscond status. The basic thing with Probation is talking to them and meeting with them.

Given the court's comments, it does not appear that any further medical records would have changed the court's sentencing determination.

Because McManus cannot show that she was prejudiced by the absence of all of her medical records at the sentencing hearing and because such absence was within her own control, we find no abuse of discretion by the district court in denying her motion to continue the sentencing hearing. Her assertion to the contrary on appeal is without merit.

CONCLUSION

The district court did not err in revoking McManus' probation given that she had absconded from probation. The evidence admitted at the revocation hearing was properly received and the court did not err in denying McManus' request to continue the sentencing hearing.

AFFIRMED.