STATE OF NEBRASKA, APPELLEE, V.
DAVID PAUL FERREE, APPELLANT.

299 N.W.2d 777

Filed December 29, 1980.   No. 43323.

James W. Symonds of Cronin, Hannon & Symonds for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from the District Court for Holt County, Nebraska. The court found that the appellant, David Paul Ferree, had violated his probation and sentenced him to a term of not less than 2 nor more than 4 years in the Nebraska Penal and Correctional Complex for the crime of burglary.

On December 16, 1977, appellant had pleaded guilty to a charge of burglary and, on April 12, 1978, appellant had been sentenced to probation for a term of 4 years. In July 1978, appellant was charged with violation of his probation and, in September, he was found guilty and sentenced to 90 days in the Holt County jail and his probation was extended. In September 1978, appellant was again charged with violation of probation by setting a fire in the wastebasket in his jail cell. On October 18, 1978, at a preliminary hearing, the hearing officer found that probable cause existed to believe that appellant had violated his probation. At trial on De-

cember 15, 1978, appellant was sentenced to 1 year and 3 months probation. Among other provisions, his probation was conditioned on his refraining from unlawful conduct, making written reports to his probation officer, notifying his probation officer or the court of any change in his place of address or employment, and remaining within the jurisdiction of the court.

On March 7, 1979, the Holt County attorney filed a complaint charging that between January 9, 1979, and February 26, 1979, appellant had violated his probation by conveying false information to his probation officer concerning his place of residence and employment. On March 8, 1979, a warrant was issued and appellant was arrested and returned to Holt County on January 25, 1980. At the time of his arrest, appellant was still incarcerated in the Nebraska Penal and Correctional Complex. He had been sentenced to 1½ to 3 years for theft by unlawful taking by the District Court for Douglas County after pleading guilty to that charge on January 18, 1980.

On January 28, 1980, appellant was given a preliminary hearing in Holt County. The court determined that probable cause existed and set a final hearing date. On January 29, 1980, the State amended its complaint and, on February 8, 1980, appellant was found guilty of violating his probation.

Appellant assigns as error the following: (1) The District Court's failure to dismiss the original complaint after the preliminary hearing; and (2) The District Court's failure to dismiss the amended complaint. Appellant alleges in his brief that he was not given a preliminary hearing that complied with the requirements established in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). *Morrissey* established that a parolee is entitled to a preliminary hearing at or near the place of the alleged violation of parole or the arrest. In 1973, the U.S. Supreme Court extended those same requirements

to persons charged with violation of probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). Appellant contends his preliminary hearing was not held at or reasonably near the place of the alleged violation or arrest as required. This contention is without merit. At the time of his arrest, appellant was incarcerated and not at liberty to gather witnesses or evidence. The record of his probation proceedings was in the exclusive possession of the District Court for Holt County and appellant "has alleged no demonstrative prejudice, and we can perceive none." *Kartman v. Parratt*, 535 F.2d 450, 457 (8th Cir. 1976).

Appellant also contends that he was not given a preliminary hearing on the charges of which he was later convicted. A probationer is entitled to two hearings, "one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his [probation], and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision." *Gagnon v. Scarpelli, supra* at 781-82. See, also, *Morrissey v. Brewer, supra* at 484-89.

"At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing." *Gagnon v. Scarpelli, supra* at 786.

The original complaint filed March 7, 1979, charged appellant with knowingly and willfully violating the terms of his probation by conveying false information to his probation officer regarding the place of his employment and the place of his residence between the dates of January 9, 1979, and February 26, 1979, in *Dodge* County, Nebraska. After a preliminary hearing on January 28, 1980, the trial court judge

found, over the objection of appellant's attorney, that there were sufficient grounds to believe that appellant had violated his probation as charged. The record does not support that finding.

The State was allowed to amend its complaint on January 29, 1980, to charge appellant with violating his probation in the following manner: (1) By being sentenced for the crime of theft in excess of $300; (2) By not remaining within the jurisdiction of the court nor notifying the court of any change in his address or employment; (3) By not making a report to his probation officer since January 5, 1979; and (4) By not serving the last 90 days of his term of probation in the Holt County jail.

In *State v. Costello*, 199 Neb. 43, 256 N.W.2d 97 (1977), this court held that a District Court may, in its discretion, permit an amendment of a criminal information, provided that the amendment does not change the nature or identity of the offense charged and the amended information does not charge a crime other than the one on which the accused has had his preliminary examination. *Id.* at 51-52, 256 N.W.2d at 103. It is true that, if the defendant is given a preliminary hearing and the complaint is later amended to charge a crime that includes some of the elements of the original crime charged without the addition of any element irrelevant to that original charge, no new preliminary hearing is necessary. *State v. Forbes*, 203 Neb. 349, 278 N.W.2d 615 (1979). However, the record shows that evidence produced at the appellant's preliminary hearing did not support the charges made in the amended complaint.

Under our holding in *State v. Costello, supra*, the State may not, as it did here, amend its complaint so that the nature or identity of the offenses charged has been changed. Appellant has not been afforded due process. Although appellant did not specifically request a preliminary hearing on the amended complaint, with Justice Douglas, we conclude that "[w]e

cannot presume a waiver of . . . important federal rights from a silent record." *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). For a waiver of constitutional rights to be valid under the Due Process Clause, it must be an "intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938).

This judgment is reversed and the case is remanded for a preliminary hearing on the charges alleged in the State's amended complaint.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., concurs in result.