STATE OF NEBRASKA, APPELLEE, v. JOHN W. CALDER,
APPELLANT.
322 N.W.2d 426

Filed July 23, 1982.   No. 81-740.

Jerry N. Stehlik, Buffalo County Deputy Public
Defender, for appellant.

Paul L. Douglas, Attorney General, and Mark D.
Starr, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN,
CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

The defendant has appealed from an order of the
District Court for Buffalo County, which revoked his

probation on previous convictions of second degree forgery and burglary, and sentenced him to terms of imprisonment in the Nebraska Penal and Correctional Complex for 0 to 2 years and 1 to 5 years, respectively, to be served consecutively.

The defendant assigns as error that: (1) The court erred in not providing sufficient notice of probation violation; (2) The court erred in failing to provide and order an independent hearing officer to hold the preliminary hearing on the motion to revoke probation; and (3) The court erred in not affording defendant a preliminary hearing on the motion to revoke probation at or near the place of the violation or his arrest. We affirm.

On April 15, 1981, the defendant, while represented by counsel, entered pleas of guilty to the second degree forgery and burglary charges pursuant to a plea bargain in which three other burglary charges and one misdemeanor charge of theft were dismissed. On May 22, 1981, following a presentence investigation, the court sentenced the defendant to a term of probation of 36 months. The order of probation, which the defendant acknowledged and accepted, contained, among other conditions, the following: "That he shall refrain from all unlawful conduct." On July 29, 1981, the Buffalo County attorney filed a motion to revoke the probation. The motion recited the execution of the order of probation, referred to the prohibition against unlawful conduct, and alleged that the defendant violated the terms of such probation inasmuch as on the 16th day of July 1981, the defendant was convicted in the county court of Seward County on one count of theft, one count of second degree forgery, one count of forgery less than $75, and one count of attempted forgery of less than $75.

On August 10, 1981, the defendant appeared before the Honorable DeWayne Wolfe, Judge of the District Court for Buffalo County, at which time the court

made this inquiry of the defendant: "You understand, Mr. Calder, motion has been filed in this Court to revoke your probation which was previously granted by this Court on May 22, 1981, for the basis that under the motion which I assume you may have received a copy of, a conviction of theft, of second degree forgery, and another count of forgery, another count of attempted forgery. Apparently in Seward County, Nebraska." In response to that question the defendant replied: "Yes, sir." At that same time, and upon request of the defendant, the court appointed the office of the public defender as defense attorney.

According to the written digest of the preliminary hearing, the hearing was held on September 1, 1981, before Donna Erpelding, hearing officer, who was also the deputy clerk of the District Court. It was held pursuant to a written notice served upon the defendant on August 28, 1981. The notice recited the time and place of hearing, the purpose of the hearing (to determine whether probable cause exists to believe that the defendant committed acts which might constitute a violation of probation), the defendant's right to confront and call witnesses, and the right to have an attorney present. The notice also contained a statement of the specific rules of probation allegedly violated, to wit, "That he [defendant] shall refrain from all unlawful conduct." Attached to the digest of the hearing were various judicial documents from the county court of Seward County containing the arraignments, pleas, and sentencing on the four misdemeanors. Following the preliminary hearing, the defendant was ordered detained pending bond.

On September 8, 1981, a final hearing on the motion to revoke probation was held before the Buffalo County District Court and copies of the various proceedings in Seward County were received in evidence. Also, there was testimony to the effect that

the defendant had told the probation officer that he had committed the specific acts. The defendant did not testify.

In *State v. Ferree,* 207 Neb. 593, 299 N.W.2d 777 (1980), quoting from *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), we said: " 'At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, the conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing.' " *Id.* at 596, 299 N.W.2d at 779.

The formal notice of the preliminary hearing was deficient as to setting forth the facts constituting the alleged violations. However, it is perfectly clear from the record that on an earlier date, as referred to above, the defendant acknowledged his familiarity with the motion to revoke, which contained the specific alleged violations. He was also informed of these same facts by the district judge in open court. We said in *State v. Buttner,* 180 Neb. 529, 143 N.W.2d 907 (1966), that due process of law requires only that the accused be given sufficient notice of the nature of the charge against him in order that he may prepare a defense. Although that case involved the sufficiency of an indictment, there is no reason why the same reasoning would not apply to a notice to revoke probation. Considering the notice served on the defendant, together with the earlier recitation to the defendant by the judge in open court detailing the acts alleged to have been violations of the probation order, we believe that the defendant had actual notice of the claimed violations sufficient to comport with due process.

In regard to the identity of the officer who held the preliminary hearing, all that *Gagnon v. Scarpelli, supra,* and *Morrissey v. Brewer,* 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), require is that

such officer be someone not directly involved in making recommendations concerning the initial arrest of the accused on the revocation charge or in making the report of the probation violations. But the defendant insists that a deputy clerk of the District Court is not an impartial and independent officer as required by law, and cites in support of that statement *State v. Kartman,* 192 Neb. 803, 224 N.W.2d 753 (1975). The following quotations from that opinion should answer the defendant's objection: "The hearing must be before an impartial and independent officer but not necessarily a judicial officer." *Id.* at 805, 224 N.W.2d at 755. "The trial court designated the clerk of the District Court as the hearing officer . . . . From our examination of the record we find no prejudice to the defendant in any of the proceedings relating to the preliminary hearing." *Id.* at 806, 224 N.W.2d at 755. There is nothing in the record to suggest that the deputy clerk was in any way directly involved in making recommendations concerning the initial arrest or in making the report on the probation violations, or that she was in any way subject to influence by anyone involved in this case.

Finally, the defendant complains that the District Court failed to hold the preliminary hearing at or near the place of violation or arrest. In the first place, there is nothing in the record to indicate where defendant's arrest was made. Secondly, in *State v. Ferree, supra,* we rejected the defendant's claim that a hearing could not be held in Holt County when the alleged violation and arrest occurred in Lancaster County. Even assuming that the arrest and violations occurred in Seward County we are not now prepared to say that the hearing could not be held in Buffalo County. By simply alleging that he was required to attend the preliminary hearing in Buffalo County rather than in Seward County, as we stated in *State v. Ferree, supra,* the defendant

" 'has alleged no demonstrative prejudice, and we can perceive none.' " *Id.* at 596, 299 N.W.2d at 779.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.