Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/29/2024 09:05 AM CDT

In re Interest of Steven V., a child
under 18 years of age.
State of Nebraska, appellee, v.
Steven V., appellant.

___ N.W.3d ___

Filed October 22, 2024.    No. A-23-801.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. When the evidence is in conflict, however, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other.

2. **Jurisdiction: Motions to Dismiss.** Because subject matter jurisdiction can be raised at any time, a party's motion to dismiss for lack of jurisdiction, even if raised after filing an answer, is not untimely.

3. **Indictments and Informations.** A trial court, in its discretion, may permit a criminal information to be amended at any time before verdict or findings if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced.

4. **Indictments and Informations: Complaints.** An amended complaint or information which charges a different crime, without charging the original crime, constitutes an abandonment of the first complaint or information and acts as a dismissal of the same.

5. **Juvenile Courts: Criminal Law: Due Process.** Although a juvenile adjudication is not a criminal prosecution, where the juvenile is in jeopardy of having his or her freedom curtailed, the notice protections guaranteed by due process are the same as for a criminal defendant.

6. **Criminal Law: Due Process: Notice.** Where a different criminal offense is charged without notice, the substantial rights of the defendant are prejudiced.

7. **Notice.** A defendant must be given notice of information vital to the preparation of a defense.

- 257 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

8. **Indictments and Informations.** Generally, to charge a defendant with the commission of a criminal offense, the information or complaint must allege each statutorily essential element of the crime charged, expressed in the words of the statute which prohibits the conduct charged as a crime, or in language equivalent to the statutory terms defining the crime charged.

9. **Criminal Law: Due Process.** It is fundamental that no person may be convicted of a crime for which he or she was not charged.

10. **Juvenile Courts: Due Process.** It violates due process to adjudicate a juvenile, whose freedom could be curtailed, of committing acts constituting a separate and distinct offense for which the juvenile was not specifically charged.

11. **Constitutional Law: Due Process: Waiver.** For a waiver of constitutional rights to be valid under the Due Process Clause, it must be an intentional relinquishment or abandonment of a known right or privilege.

12. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the Separate Juvenile Court of Douglas County: Candice J. Novak, Judge. Vacated and remanded with directions.

Nicholas E. Wurth, of Law Offices of Nicholas E. Wurth, P.C., for appellant.

Jackson Stokes, Deputy Douglas County Attorney, and Caleb Chmelka, Senior Certified Law Student, for appellee.

Riedmann, Moore, and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

The State filed a petition against a 12-year-old boy in the separate juvenile court of Douglas County, asserting violation of Neb. Rev. Stat. § 28-319.01 (Reissue 2016). Because this statute requires that the offender be at least 19 years of age, the juvenile sought to dismiss the action for lack of subject matter jurisdiction, and the State requested the juvenile court to amend the petition to conform to the evidence. Following

- 258 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

an adjudication hearing, the juvenile court granted the State's motion and adjudicated the juvenile for a violation of Neb. Rev. Stat. § 28-319(1)(b) (Reissue 2016). Finding the amendment violated the juvenile's due process rights, we vacate the juvenile court's adjudication order and remand the cause with directions to deny the State's motion to amend and grant the juvenile's motion to dismiss.

## BACKGROUND

*Procedural History.*

On July 12, 2022, the State filed a single-count petition in the juvenile court against Steven V., asserting "Sexual Assault on a Child in the First Degree - Class IB Felony §28-319.01(2)." Specifically, the State alleged:

> On or about the 9th day of May, 2022, in Douglas County, Nebraska, said juvenile did then and there subject [the victim] who is under twelve years of age to sexual penetration and the said defendant is at least nineteen years of age or older, in violation of . . . §28-319.01(1)(a) and §28-319.01(2) a Class IB Felony.

In response, Steven filed a written denial on August 23, 2022, and requested that the matter be set for a pretrial hearing. After several continuances and a change of counsel, Steven filed a pleading entitled "Motion to Dismiss (Rule 12(b)(6))" on June 8, 2023, 4 days prior to the adjudication hearing. In the motion, Steven alleged that to come within the meaning of Neb. Rev. Stat. § 43-247(2) (Reissue 2016), and thus provide the juvenile court with jurisdiction, he must be under 18 years of age. However, the State alleged a violation of § 28-319.01, and an essential element of that statute is that the defendant be at least 19 years of age. Therefore, he asserted that the juvenile court lacked jurisdiction to adjudicate the claim. Steven's motion to dismiss was scheduled to be heard the same day as the adjudication hearing.

At the hearing on Steven's motion to dismiss, the State orally moved to amend the petition to conform to § 28-319.

In the alternative, it asked the juvenile court to amend the petition to conform with the evidence the State would produce. The court indicated that it would take the motions under advisement and proceed with the adjudication. Steven pressed for a ruling, stating that there was not just a "technical defect in the record," but, rather, "a substantive basis." He argued that amending the charge to § 28-319 introduced two new fundamental issues: "consent and the ability to appreciate the nature of the alleged victim's ability to consent." He asserted that "under procedural assessment and due process, we have the right to notice of what theory the State is proceeding under, essentially before any sex act between someone is illegal." He concluded, "So I'm not suggesting we're not prepared to go forward today, but I believe that we need to have the issue of what statute the State is seeking to offer evidence and the elements they are under in order to prepare a proper defense."

The State responded that "if it rectifies the issue immediately, the State is willing to amend to [Neb. Rev. Stat. §] 28-320 [(Reissue 2016)] in either event." It proposed that the court's taking the ruling under advisement and allowing the State to present evidence should rectify the issue. The court accepted the State's proposal, stating that by taking the matter under advisement, it "will assist the Court in determining whether or not the motion to dismiss is proper at this time." The adjudication hearing then began.

*Adjudication Hearing.*

The State adduced evidence from the victim, A.C.G., who was 8 years old at the time of the hearing. A.C.G. testified that when he was 7 years old, he was anally penetrated by Steven. He explained that his family and Steven's family were friends. One day, A.C.G. and Steven were in A.C.G.'s mother's bedroom watching a movie when Steven showed him a video containing naked girls and naked boys. Immediately thereafter, Steven "tried to have sex" with him. A.C.G. described

- 260 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

this as Steven's "privacy" touching him on the "inside" of his "butt." He stated Steven was behind him, but A.C.G.'s description of his own position was unclear. A.C.G. said Steven pulled down A.C.G.'s pants, but not his underwear because he had forgotten to put it on that day. A.C.G. said he was "[s]cared" and tried to leave, but he tripped. A.C.G.'s mother then came into the bedroom, and Steven stopped and went into the bathroom where he deleted the video. According to A.C.G., Steven's mother hit Steven in the mouth.

According to A.C.G.'s mother, she entered the bedroom and saw A.C.G. with his pants and underwear pulled down. He was lying on his back, and Steven was on his knees. She began screaming, and Steven immediately got up and went into the bathroom. A.C.G.'s mother stated that she pulled up A.C.G.'s underwear and pants and that A.C.G. began jumping on the bed. A.C.G.'s mother asked Steven's mother to leave, and she took A.C.G. to the hospital.

On cross-examination, A.C.G.'s mother testified that she was uncertain whether A.C.G. was lying on his side when she entered the bedroom and that she could not remember if Steven was on the bed or if Steven had his pants off. She did recall, however, pulling up A.C.G.'s underwear. She stated that she asked him on the way to the hospital if "Steven put something or did Steven do something wrong" to him, and he responded that Steven "put his privacy thing on my butt."

Steven's mother, who, at the time, was visiting with A.C.G.'s mother in the dining room adjacent to the bedroom, also testified. According to her, she could see the bedroom door from where she was sitting. When A.C.G.'s mother got up to check on the boys, she followed her. She heard A.C.G.'s mother say that A.C.G.'s zipper was down but testified that A.C.G.'s mother was not screaming or crying. She could see into the bedroom and saw Steven on the edge of the bed and A.C.G. standing with his pants pulled up. She asked Steven what was going on, and he responded that he was showing A.C.G. a video. Because she had a rule that her children were not to

- 261 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

enter other people's bedrooms, she hit Steven in the mouth, and his nose began to bleed. She did not know of the sexual assault allegations until later that evening.

Steven also testified. He explained that he and A.C.G. were in the bedroom watching a movie when he showed A.C.G. a video of a girl in a bikini getting out of a pool. Steven testified A.C.G. pulled down his own zipper and said "look, this is how my dog does it," and he started "humping the pillow." Shortly after A.C.G. stopped, A.C.G.'s mother walked in, and Steven's mother told Steven to come out. Steven confirmed that his mother reminded him he was not to go into other people's bedrooms and that she hit him in the mouth.

The State also called to testify a forensic interviewer from a child advocacy center regarding her interview of A.C.G. that occurred the day after the incident. A video recording of the interview was received into evidence. A.C.G.'s recitation of Steven's showing him a video with girls and then putting his "penis" in A.C.G.'s "butt" mirrored A.C.G.'s trial testimony, albeit in different anatomical terms than those he used at trial.

The State renewed its motion for the court to amend the petition to conform to the evidence, and Steven renewed his motion to dismiss. He again asserted that the State's initial request to amend the petition to conform to the evidence not yet presented violated his due process and notice rights. Upon questioning from the court, the State admitted that it had not met its burden of proof as to § 28-319.01 but asked the court to make a finding under § 28-319. The court took the matter under advisement.

*Juvenile Court Order.*

In a written order, the juvenile court overruled Steven's motion to dismiss filed pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) as "untimely and unsupported by evidence." It granted the State's motion for the pleadings to conform to the evidence and amended them to read as follows:

- 262 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

[O]n or about the 20th day of April, 2023 [sic], in Douglas County, Nebraska, said juvenile, Steven . . . , age 12 at the time of the offense, did then and there subject A.C.G., to sexual penetration without the consent of the victim and who knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct, in violation of Neb. Rev. Stat. §28-319(1)(b).

The juvenile court found that Steven "knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of [Steven's] conduct" and adjudicated Steven pursuant to § 43-247(2). Steven appeals.

## ASSIGNMENTS OF ERROR

Steven assigns that the juvenile court erred in (1) overruling his motion to dismiss as untimely, (2) granting the State leave to amend the petition after the case was submitted, (3) finding that the State proved that sexual penetration occurred beyond a reasonable doubt, and (4) finding that the State proved that Steven knew or should have known that A.C.G. was incapable of resisting or appraising the nature of his conduct.

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Jordan B.*, 300 Neb. 355, 913 N.W.2d 477 (2018). When the evidence is in conflict, however, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. *Id.*

## ANALYSIS

*Motion to Dismiss.*

The petition alleged that Steven was "born August 2009" and contained a single count of "Sexual Assault on a Child in the First Degree - Class IB Felony §28-319.01(2)." Specifically, it alleged:

- 263 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

On or about the 9th day of May, 2022, in Douglas County, Nebraska, said juvenile did then and there subject [A.C.G.] who is under twelve years of age to sexual penetration and the said defendant is at least nineteen years of age or older, in violation of . . . §28-319.01(1)(a) and §28-319.01(2) a Class IB Felony.

Although Steven initially filed a denial, he subsequently filed a pleading entitled "Motion to Dismiss (Rule 12(b)(6))." He cited § 6-1112(b)(6) as authority and asserted that because an element of the charge of violating § 28-319.01 requires the defendant to be at least 19 years of age, the juvenile court could not have jurisdiction. Following the adjudication hearing, the juvenile court denied the motion as "untimely and unsupported by evidence." Steven assigns that it was error for the court to dismiss his motion as untimely because a motion asserting lack of subject matter jurisdiction can be raised at any time.

We agree with Steven that a court's subject matter jurisdiction can be challenged at any time; however, he sought to raise the issue in a motion to dismiss pursuant to § 6-1112(b)(6), which is a defense that "the pleading fails to state a claim upon which relief can be granted." Section 6-1112(b) specifically provides that "[a] motion making any of these defenses shall be made before pleading if further pleading is permitted." Prior to filing the motion to dismiss in June 2023, Steven had filed a denial in August 2022; therefore, he failed to file his § 6-1112(b)(6) motion before pleading.

However, the juvenile court's ruling placed form over substance and failed to consider the substantive basis for the motion, namely that the juvenile court lacked jurisdiction to adjudicate a claim under § 28-319.01 because that statute requires the defendant to be at least 19 years of age. See, *Linda N. v. William N.*, 289 Neb. 607, 856 N.W.2d 436 (2014) (stating it is proper for court to look at substance of petitioner's actual request, instead of simply title of petition); *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005) (instructing

- 264 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

determination as to how motion should be regarded depends upon substance of motion, not its title). Consequently, we find the juvenile court erred in overruling the motion to dismiss on this basis.

[2] We recognize that the petition was filed July 12, 2022, and the issue of the court's jurisdiction was not raised until June 8, 2023; however, trial counsel who raised the issue did not enter an appearance for Steven until January 24, 2023. Numerous orders were entered prior to trial counsel's appearance in which the court found that "notice, service and jurisdiction of the Court in this matter are proper," but our record contains no indication of how the juvenile court reached that determination. It is clear, however, that prior to June 8, neither Steven's counsel nor the State or the juvenile court raised the glaring error of charging 12-year-old Steven with violating a statute that required him to be at least 19 years of age. Regardless, because subject matter jurisdiction can be raised at any time, there is no waiver or basis for determining Steven's motion to dismiss for lack of jurisdiction was "untimely."

The juvenile court also found that the motion to dismiss was unsupported by evidence. This finding is correct only if we agree it was proper for the petition to be amended. We therefore turn to that issue.

*Motion to Amend Petition.*

In response to Steven's motion to dismiss, the State orally sought to "amend" its petition prior to the adjudication hearing to assert a violation of § 28-319 or to "amend the petition to conform with the evidence the State will produce." The juvenile court took the motions under advisement and proceeded to hear evidence on the adjudication. In closing arguments, the State renewed its motion and asked that the petition be amended to conform to the evidence presented and that the court find in favor of the State as to the elements of either § 28-319 or Neb. Rev. Stat. § 28-320 (Reissue

- 265 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

2016). In its adjudication order, the juvenile court granted the State's motion for the petition to be amended to conform to the evidence. It amended the allegations to assert a violation of § 28-319(1)(b), although we note its recitation of the amended allegation includes both § 28-319(1)(a) (consent) and § 28-319(1)(b) (capacity). Steven assigns that the juvenile court erred in granting the State leave to amend the petition after the matter was submitted. We agree.

In certain circumstances, Neb. Ct. R. Pldg. § 6-1115(b) allows amendment of pleadings. It states:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

§ 6-1115(b).

[3,4] The Nebraska Supreme Court has recognized that a trial court, in its discretion, may permit a criminal information to be amended at any time before verdict or findings if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced. *State v. Collins*, 281 Neb. 927, 799 N.W.2d 693 (2011). However, it has also recognized the difference between an *amendment*

- 266 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

to a complaint or information and an *amended complaint or information*. See *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001). In the context of a speedy trial analysis, the court explained:

> If the amendment to the complaint or information does not change the nature of the charge, then obviously the time continues to run against the State for purposes of the speedy trial act. If the second complaint alleges a different crime, without charging the original crime(s), then it is an amended complaint or information and it supersedes the prior complaint or information. The original charges have been abandoned or dismissed.
>
> We hold that an amended complaint or information which charges a different crime, without charging the original crime(s), constitutes an abandonment of the first complaint or information and acts as a dismissal of the same.

*Id.* at 670, 633 N.W.2d at 914. See, also, *State v. Ferree*, 207 Neb. 593, 299 N.W.2d 777 (1980) (holding *amended complaint*, as opposed to *amendment of complaint*, entitles defendant in probation violation case to new preliminary hearing).

[5] Although a juvenile adjudication is not a criminal prosecution, where the juvenile is in jeopardy of having his or her freedom curtailed, the notice protections guaranteed by due process are the same as for a criminal defendant. See *In re Interest of Jordan B.*, 300 Neb. 355, 913 N.W.2d 477 (2018). Therefore, we analyze whether the State was seeking to amend its petition or file an amended petition. We conclude it was the latter.

The original petition asserted a violation of § 28-319.01, which required proof of penetration and the ages of the offender and the victim. See *State v. Samayoa*, 292 Neb. 334, 873 N.W.2d 449 (2015). The State sought to "amend" its petition to conform to evidence required to prove a violation of § 28-319. This statute, however, requires proof of penetration and either lack of consent or evidence of the victim's capacity

- 267 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

to comprehend or appraise the nature of sexual conduct by the defendant, as well as the defendant's knowledge of that capacity. See § 28-319(1)(a) and (b). As acknowledged by the Supreme Court, § 28-319 and § 28-319.01 are "different crime[s]." See *State v. Hibler*, 302 Neb. 325, 340, 923 N.W.2d 398, 413 (2019).

The State acknowledged at the end of the adjudication hearing that it failed to prove a violation of § 28-319.01. Consequently, it asked the juvenile court to find a violation of "section 28-319, wherein an age requirement is not part of that statute." Because the request abandoned the original charge and instead sought to pursue violation of an entirely different statute, the State's request was not a request to amend the petition pursuant to § 6-1115(b), but, rather, a request to file an amended petition, at which point Steven's due process rights to notice started anew. See, *State v. French, supra*; *State v. Ferree, supra*.

The State argues that § 6-1115(b) allows amendment of the pleadings to conform to the evidence when the parties impliedly or expressly consent to trying issues not pled and when no prejudice is shown. It argues that Steven did not object to evidence at trial tending to prove Steven's knowledge of A.C.G.'s capacity to appreciate the nature of the acts. Because we find that the State's request was not to amend the petition under § 6-1115(b), but, rather, to file an amended petition, we need not address this argument.

[6] We note for completeness, however, that a criminal information may be amended at any time before verdict or findings only if no additional or different offense is charged *and* the substantial rights of the defendant are not prejudiced. See *State v. Collins*, 281 Neb. 927, 799 N.W.2d 693 (2011). Here, a different offense was charged, therefore precluding amendment on the date of the adjudication hearing. And where a different criminal offense is charged without notice, the substantial rights of the defendant are prejudiced. See *State v. Nero*, 281 Neb. 680, 798 N.W.2d 597 (2011).

- 268 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

[7] In *State v. Nero, supra*, the Supreme Court concluded that when a defendant does not receive notice of the crime for which he or she is tried, prejudicial error exists. It explained:

> [A] defendant must be given notice of information vital to the preparation of a defense. An information may sufficiently allege the statutory elements of a criminal offense, yet fail to state with sufficient particularity information about the alleged crime which is vital to the preparation of a defense. The court failed to give [defendant] notice of the alleged underlying felonies with sufficient particularity. The court's failure to require the State to specify the underlying felonies prejudiced [defendant's] right to notice and denied [defendant] a meaningful opportunity to present a complete defense. Because [defendant's] right to notice was prejudiced, we cannot determine such prejudice to be "harmless."

*Id*. at 691, 798 N.W.2d at 606.

As stated above, Steven was entitled to the notice protections guaranteed by due process. See *In re Interest of Jordan B.*, 300 Neb. 355, 913 N.W.2d 477 (2018). These include that

> "the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation. Due process of law requires notice of the sort we have described—that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet."

*Id.* at 366, 913 N.W.2d at 485 (quoting *In re Gault*, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967)).

[8-10] Additionally, Neb. Rev. Stat. § 43-261 (Reissue 2016) requires that an allegation under § 43-247(2) be made

- 269 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

with the same specificity as a criminal complaint. Generally, to charge a defendant with the commission of a criminal offense, the information or complaint must allege each statutorily essential element of the crime charged, expressed in the words of the statute which prohibits the conduct charged as a crime, or in language equivalent to the statutory terms defining the crime charged. *In re Interest of Jordan B., supra*. But it is fundamental that no person may be convicted of a crime for which he or she was not charged. *Id*. It violates due process to adjudicate a juvenile, whose freedom could be curtailed, of committing acts constituting a separate and distinct offense for which the juvenile was not specifically charged. *Id*.

Here, the State did not seek to amend the petition until the day of the adjudication hearing, at which time it sought to assert a violation of a statute containing essential elements that differed from the statute pled. We note that defense counsel did not specifically request a continuance; however, we do not view this as a waiver of Steven's due process rights to adequate notice.

Prior to the adjudication hearing, Steven's counsel filed a motion to dismiss based on the impossible jurisdiction of the juvenile court over the violation asserted in the petition. At the adjudication hearing, the State first motioned to amend the complaint to assert a violation of a different statute. Steven's counsel objected. When the juvenile court stated that it intended to take both the motion to dismiss and the motion to amend under advisement and proceed with the adjudication, Steven's counsel requested to be heard and argued that the State's motion was not to correct a technical defect, but, rather, was to seek a substantive change. He advised the court that he "need[ed] to have the issue of what statute the State is seeking to offer evidence and the elements they are under in order to prepare a proper defense." Despite counsel's argument, the juvenile court again stated it would take the matter under advisement and would proceed with the adjudication.

- 270 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
IN RE INTEREST OF STEVEN V.
Cite as 33 Neb. App. 256

[11] Despite the absence of a specific request for a continuance, "[f]or a waiver of constitutional rights to be valid under the Due Process Clause, it must be an 'intentional relinquishment or abandonment of a known right or privilege.'" *State v. Ferree*, 207 Neb. 593, 598, 299 N.W.2d 777, 780 (1980) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)). In *State v. Ferree, supra*, the State changed the allegations on which it sought to establish a probation violation approximately a week before trial, and no new preliminary hearing was held. The Nebraska Supreme Court vacated the defendant's conviction, stating that "the State may not, as it did here, amend its complaint so that the nature or identity of the offenses charged has been changed. [Defendant] has not been afforded due process." *Id*. at 597, 299 N.W.2d at 780. Quoting the above from *Johnson v. Zerbst, supra*, it held that the defendant's failure to request a preliminary hearing on the amended complaint did not constitute a waiver of his due process rights.

Here, Steven's counsel argued that the State's motion to amend would be a substantive change to the petition and that he needed to know the statute under which the State would proceed to prepare a proper defense, but the juvenile court refused to issue an immediate ruling on the State's motion. On this record, we cannot say that Steven's counsel intentionally relinquished Steven's due process rights to proper notice.

Because the juvenile court allowed an amended petition to be filed that changed the nature and identity of the offense Steven was alleged to have violated without providing sufficient notice, Steven's due process rights were violated. We therefore determine the juvenile court erred in granting the State's request to amend the petition.

Having determined that the juvenile court erred in allowing the amended petition, we return to the juvenile court's order denying Steven's motion to dismiss as unsupported by the evidence. As conceded by the State at the end of the adjudication hearing, and with which we agree, the State failed to prove

the allegations of § 28-319.01 as pled in the original petition. Given Steven's age, he could not have violated § 28-319.01, and the juvenile court did not have jurisdiction over the petition as pled; accordingly, it erred in denying Steven's motion to dismiss. Consequently, we vacate the juvenile court's order adjudicating Steven and remand the cause with directions to grant Steven's motion to dismiss.

*Sufficiency of Evidence.*

[12] Steven assigns that the juvenile court erred in finding sufficient evidence that sexual penetration occurred and in finding that he knew or should have known A.C.G. lacked the capacity to resist or appraise the nature of the sexual conduct. Because we find that the juvenile court erred in amending the petition, we need not address these assigned errors. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *State v. Nolt*, 298 Neb. 910, 906 N.W.2d 309 (2018).

## CONCLUSION

The juvenile court erred in granting the State's motion to amend the petition to conform to the evidence because doing so violated Steven's due process rights to proper notice. We therefore vacate the juvenile court's adjudication order and remand the cause to the juvenile court with directions to deny the State's motion to amend and grant Steven's motion to dismiss.

VACATED AND REMANDED WITH DIRECTIONS.